## PIRKLE *et al.*, administrators, *v.* CHAMBLEE.

Presumptively, one who signed as surety a promissory note which had been previously signed by two other persons apparently as joint principals undertook to contract as surety for both of these persons, and the burden of showing that one of them was himself a mere surety for the other, and that the last signer so knew at the time of signing the paper, was on him who asserted that such was the fact.

Submitted June 10, — Decided November 1, 1899.

Application to make proof of suretyship.    Before Judge
Kimsey.    Hall superior court.    December 12, 1898.

*S. C. Dunlap, G. H. Prior,* and *F. M. Johnson,* for plaintiffs
in error.    *M. L. Smith, H. H. Perry,* and *H. H. Dean,* contra.

LUMPKIN, P. J.    This case was here at the March term,
1897.    See 101 *Ga.* 790.    A new trial was then ôrdered on the
ground that the court erred in rejecting certain testimony.
Subsequently a verdict was returned finding that George L.
Chamblee was a cosurety with A. R. Cooper, deceased, upon
the promissory note given to Davie.    The administrators of
Cooper moved for a new trial; the motion was overruled, and
they excepted.    There was practically no dispute as to the
facts of the case as developed at the last trial, and it turns upon
the law as announced in the foregoing headnote.    It appears
that James M. Chamblee and George L. Chamblee signed the
note in question, apparently as joint principals.    After their
signatures had been affixed to it, A. R. Cooper signed the
same as a surety, which fact appeared upon the paper itself.
There was no evidence tending to show that he had any knowl-
edge of the true relation of the two Chamblees to the instrument,
other than that derivable from the fact that upon the paper
itself, as presented to him to sign, they appeared to be joint
principals.    We are of the opinion that, in the absence of any
information to the contrary, Cooper had a right to assume that
they were such, in which event he surely could not be held
liable as a cosurety with George L. Chamblee, even though in
point of fact, as between the two Chamblees, George L. under-
took to become bound as a surety only.    When he signed the
note apparently as a principal with a knowledge that Cooper was
thereafter to be invited to sign as a surety, it was incumbent
upon the former to give notice to Cooper of the real truth of
the matter; for otherwise, George L. Chamblee would occupy
the position of one who, by representing himself to be a prin-
cipal, has misled another and induced him to sign an instru-
ment to which, had he been informed of the facts in the case,
he might have declined to affix his signature.    In other words,
ᵗ Cooper signed the note upon the faith of what appeared upon

its face to be the contract he was asked to enter into, George L. Chamblee would be estopped from setting up an essentially different contract, to the end that he might be relieved in part of the liability he apparently undertook to assume, by imposing upon Cooper a liability he never consented to incur.

In the motion for a new trial complaint is made of the following charge of the court: "The administrators of Cooper say that suppose, for the sake of argument, that Chamblee was surety, he has got no right to set it up as against Cooper; that is their contention. I will give you the law on that subject. Estoppels must be mutual between the parties. I charge you that the burden would be on Cooper's administrators to show an estoppel as against Chamblee, and that burden could be carried by a mere preponderance of testimony." It is alleged that this charge was erroneous, because "the burden was on George L. Chamblee to show that Cooper knew that George L. Chamblee was security, and not principal, when he, Cooper, signed said note." The charge excepted to is at least susceptible of a construction rendering it open to the criticism made thereon. Otherwise, it would be difficult to ascribe any significance to the words: "that burden could be carried by a mere preponderance of testimony." Inasmuch as George L. Chamblee signed apparently as a principal, and thus held himself out as such, the burden was clearly upon him, if he was merely a surety, to show that this fact was known to Cooper before he signed the instrument. Otherwise, as we have endeavored to show, Chamblee would not be in position to insist that relatively to Cooper his liability upon the paper was that of a surety only. There was no evidence even remotely tending to establish such knowledge on the part of Cooper; and this being so, Chamblee failed utterly to carry the burden of proof resting upon him. In view of this fact, it results not only that the above-quoted charge was erroneous, but also that the verdict in his favor was without evidence to support it.

*Judgment reversed.    All the Justices concurring.*