FRYE *v.* SIMS.

ATKINSON, J. A and B signed a negotiable promissory note payable to the bank of H. The paper contained the expressions: "I promise to pay," etc.; "if we fail," etc.; "each of us, whether principal, security, guarantor, indorser, or other party hereto, hereby severally waives and renounces . . all right to homestead . . protest, notice, and rights and benefits we may have under or by virtue of section 3667 of the Code of 1895; and we hereby agree to pay 10 per cent. attorney's fees if this note is given out for collection." The note was signed by A and B in the usual way, as makers, under seal. A carried the note to C, who was a director in the bank, and requested him to get the note discounted. C entered his indorsement on the paper, and at his request the bank discounted it. The money was turned over by C to A. At maturity A brought another note for the same amount, purporting to be signed by A and B as makers, payable to C, and requested C to get a renewal of the first note at the bank. · C indorsed the second note, and at his request the bank accepted it in renewal of the first, stamped the first one "Paid," and surrendered it to C, who delivered it to A. The purported signature of B to the second note was in fact a forgery. A and B having failed to pay the second note at maturity, C paid it on demand by the bank. A having absconded, C called on B for reimbursement, and for the first time learned that B's name was forged to the second note. C entered suit against A and B on the first note. B filed a plea, and on the trial a verdict was directed for the plaintiff. *Held:*

1. Presumptively the relation of A and B to the first note was that of

joint makers, and the relation of C was that of security for them. *Pirkle* v. *Chamblee,* 109 *Ga.* 32 (34 S. E. 276); *Booth* v. *Huff,* 116 *Ga.* 8 (42 S. E. 381, 94 Am. St. R. 98).

(*a*) If after the note was signed B permitted A to take it for the purpose of discounting it, and A induced C to indorse it as surety without notice that the relation of B to the paper was other than principal, as indicated on the face of the paper, B would not be heard, as against C, to set up that B was a mere surety. Civil Code, §§ 4526, 4537.

2. The fact that on several former occasions C had let A have money from which he received greater returns than the legal rate of interest was insufficient to charge C with notice that B was mere security for A, or to show that the relation of C to the paper was that of joint maker with A.

3. When C paid the debt for which he had become liable as security for A and B on the first note, he was entitled to reimbursement. Civil Code, § 3552. The fact that the payment was accomplished by paying the second note would not affect the right of C to recover on the first note against B.

4. According to the uncontradicted evidence, a verdict for the plaintiff was demanded. None of the assignments of error were sufficient to require a reversal.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 15, 1915. REHEARING DENIED SEPTEMBER 22, 1915.

Complaint. Before Judge Pendleton. Fulton superior court. January 27, 1914.

*Charles T. & Linton C. Hopkins,* for plaintiff in error.
*George Westmoreland,* contra.

