## 6942.  SHATTLES v. BAKER.

HODGES, J.  1.  Voluntary payment by a surety of a past-due debt entitles him to proceed immediately against the principal for the amount paid in his behalf.  Civil Code, § 3552.

2.  The plaintiff became surety for the payment of certain debts contracted by the defendant, amounting to $457.46, and, to indemnify himself, took from the defendant a chattel mortgage for that amount.  He voluntarily paid off the indebtedness, including a note for $100, due November 1, 1914, which he paid on September 19, 1914, and he subsequently undertook to foreclose the mortgage.  The defendant filed an affidavit of illegality, contending that the plaintiff was not entitled to foreclose, not having been required to pay off any of the secured obligations,—that the plaintiff's liability as surety was only contingent.  On the trial of the case it was admitted that the note for $100 was paid before it became due.  The sum of $34.38 had been paid on the mortgage and credited thereon.  On motion of the plaintiff the judge allowed him to amend the mortgage fi. fa. by crediting thereon the $100 which he had paid before it was due.  This amendment was allowed over the objection that it was not allowable at that stage of the case.  The judge then directed a verdict in favor of the plaintiff for $323.08.  *Held*, that the judge did not err in allowing the fi. fa. to be credited in the sum named; and there was no error in directing the verdict.  *Judgment affirmed.*

DECIDED JUNE 27, 1916.

Affidavit of illegality; from city court of Tifton—Judge R. Eve. October 7, 1915.

*L. P. Skeen,* for plaintiff in error.  *R. D. Smith,* contra.

---

## 6959.  SEABOARD AIR-LINE RAILWAY v. STUDSTILL.

HODGES, J.  The action was for damages on account of the killing of a cow by the railroad company, and, the defendant having admitted on the trial that the cow was killed by the running of its locomotive and cars, the statutory presumption of negligence on the part of the railroad company arose, and the burden of overcoming that presumption was upon the company.  The jury having found against the company upon the issue involved, and the trial judge having approved the verdict, this court will not set it aside upon the ground that it is contrary to law and evidence.  *Judgment affirmed.*

DECIDED JUNE 27, 1916.

Appeal; from Dodge superior court—Judge Graham.  September 7, 1915.

*W. M. Clements,* for plaintiff in error.

*R. W. Cooper,* contra.