### 18270. CITY OF BRUNSWICK *et al. v.* LEVINE.

CANDLER, Justice. This litigation was instituted by Sam Levine against the City of Brunswick and its plumbing inspector. Insofar as it need be shown, the petition as twice amended alleges: For the past several years the petitioner has been generally engaged in the plumbing business in the city. He is the holder of a Veterans Certificate of Exemption issued by the State Revenue Department of Georgia and upon which the Ordinary of Glynn County has issued him a license to engage in business in any county or municipality in the State. For a number of years the city has required each person or firm engaged in the plumbing business to file with it a Plumber's License Bond in the penal sum of $1,000. The above is a continuing bond so long as the premium is paid and petitioner has paid the premium for the year 1953. The city has an ordinance which requires plumbers to pass successfully an examination before receiving a permit to do plumbing work. The ordinance makes it penal for any person to engage in plumbing business without a permit as provided therein, and fixes the punishment for anyone convicted thereof. The petitioner refused to take the prescribed examination. He has been informed by the city plumbing inspector that a case would be made against him in police court if he attempted to carry on his plumbing business without complying with the ordinance. The ordinance violates the due-process and equal-protection clauses of the Federal and State Constitutions; hence, it is unenforceable. Besides for process, the petitioner prayed: that the city, its agents, officers and employees be enjoined from interfering with the operation of his business other than performing the lawful inspection thereof as required by law; that the ordinance be declared unconstitutional as being in violation of the equal-protection and due-process clauses of the Federal and State Constitutions, and being unreasonable; and that petitioner have general equitable relief. Demurrers on general and special grounds were interposed to the amended petition. The trial judge overruled the general demurrer and all of the special grounds of demurrer. The defendants excepted. *Held:*

Applying the principle that equity will not intervene for the purpose of protecting property or property rights until some overt act has been committed which injuriously affects the same, the allegations of the present petition—to the effect that a city ordinance, requiring plumbers to successfully pass an examination and secure a permit from its board of examiners before engaging in plumbing business, was violative of the equal-protection and due-process clauses of the Federal and State Constitutions, and seeking to enjoin the defendants from interfering with the petitioner in carrying on his plumbing business—were insufficient to set forth a cause of action. *Thomas* v. *Mayor &c. of Savannah,* 209 *Ga.* 866 (76 S. E. 2d 796) and cases cited. Accordingly, the trial judge erred in overruling the general demurrer interposed by the city, and further rulings became nugatory.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.*

ARGUED JULY 13, 1953—DECIDED SEPTEMBER 16, 1953.

58

*B. N. Nightingale,* for plaintiffs in error.
*Cowart & Cowart, G. B. Cowart,* contra.