19104. TODD *v.* CITY OF DUBLIN *et al.*

CANDLER, Justice. This is a suit for injunctive relief against the City of Dublin and its governing authorities. The amended petition makes numerous attacks on the validity of the city's zoning ordinance. The plaintiff is a chiropractor and has an office where he practices his profession in an area of the city which is zoned for residences. The city also has an ordinance which makes a violation of its zoning ordinance a penal offense. The plaintiff was notified by the city that it was a violation of its zoning ordinance for him to have an office and practice his profession in an area of the city zoned for residential uses only, and he was given 30 days in which to move his office. Over objections thereto by the plaintiff, several resident citizens of the City of Dublin were allowed to intervene, become parties defendant, and file defensive pleadings. There is an exception by the plaintiff to this ruling. The sufficiency of the amended petition to state a cause of action for the relief sought was raised by general demurrer, and there is also an exception to the judgment sustaining it. *Held:*

1. The controlling issue in this case is determined adversely to the plaintiff by an application of the rule that an injunction will not issue to prevent the consummation of a bare threat which if followed up by an overt act would work irreparable injury. *West* v. *Chastain,* 186 *Ga.* 667 (198 S. E. 736); *City of Brunswick* v. *Levine,* 210 *Ga.* 57 (77 S. E. 2d 436). As was held in *Stegall* v. *Southwest Ga. Housing Authority,* 197 *Ga.* 571, 583 (30 S. E. 2d 196), "An injunction will not be granted

on mere apprehension." This court has many times held that injunction is an extraordinary process, and the most important one which courts of equity issue; and being so, it should never be granted except where there is grave danger of impending injury to person or property rights, and a mere threat or bare fear of such injury is not sufficient. *Thomas v. Mayor &c. of Savannah,* 209 *Ga.* 866 (76 S. E. 2d 796), and citations. In this case, no overt act has been committed by the defendants which injuriously affects the plaintiff's person or property; hence the amended petition failed to state a cause of action for the relief sought and was properly dismissed on general demurrer.

2. Since the amended petition failed to state a cause of action for any of the relief sought and was properly dismissed on general demurrer, it is not necessary to pass on the other assignment of error.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1955—DECIDED OCTOBER 10, 1955—
REHEARING DENIED NOVEMBER 16, 1955.