20305. DOLVIN *v.* CALDWELL *et al.*

HAWKINS, Justice. R. R. Caldwell and W. B. Caldwell filed suit in Greene Superior Court against J. B. Dolvin, on March 2, 1957, seeking to enjoin Dolvin from removing a steel cable, referred to as a guy wire, which extended from a laundry-plant smokestack on lands of the Caldwells across a portion of adjacent lands of Dolvin, and which was attached to a pecan tree on the lands of Dolvin. Dolvin filed demurrers, and a cross-action on March 22, 1957, in which he sought a judgment for $30 for three months' rent and an injunction against the Caldwells to prevent them from interfering with him in the removal of the guy wire involved. On a hearing of the demurrers, the original suit of the Caldwells was voluntarily dismissed, but the rights of Dolvin to a trial of the issues raised by his cross-action were preserved. Thereafter, on October 26, 1957, the Caldwells filed an answer to the cross-action, in which they again sought to have Dolvin enjoined from removing the guy wire in question. The case was tried before a jury on the question as to whether Dolvin or the Caldwells were entitled to an injunction, and also as to whether Dolvin was entitled to collect rent for January, Feb-

ruary, and March, 1957, for the use of his lands, it being contended by Dolvin that in 1952, shortly after he purchased his property, the Caldwells rented from him, on a month-to-month basis, a certain portion of his lands, which rental agreement included the right to maintain the guy wire, as well as the right to store wood on the lands of Dolvin, and that this monthly rent had been paid through December 31, 1956; but the Caldwells contended that the rental arrangement included only the right to store wood on the land, which they ceased to do in February, 1957; that they owed Dolvin only two months' rent at $10 per month; that the guy wire was installed in 1949 under a separate agreement with Dr. T. B. Rice, the husband, agent, and attorney in fact of Mrs. Mamie B. Rice, the then owner of the land now owned by Dolvin, under circumstances which amounted to a parol license, resulting in an easement running with the land; and that, when Dolvin purchased the land, he did so with full knowledge of the easement and subject thereto.

At the conclusion of the evidence, the trial judge instructed the jury that the form of their verdict should be: "We, the jury, find for J. B. Dolvin the injunction prayed and we further find the sum of_____dollars rent"; or "We, the jury, find for R. R. and W. B. Caldwell"; or "We, the jury find for R. R. and W. B. Caldwell, and we further find for R. R. and W. B. Caldwell the injunction prayed"; or "We, the jury, find for J. B. Dolvin the sum of_____dollars rent"; or "We, the jury, find for J. B. Dolvin the sum of_____dollars as rent, and we further find for R. R. and W. B. Caldwell an injunction as prayed." There were no exceptions to these charges of the court. In special ground 2 of the motion for new trial, it is contended that the judge erred in further instructing the foreman of the jury, after the jury had retired and considered the case for some time—in response to an inquiry "whether, if the jury should find that the defendant, Dolvin, was entitled to an injunction, the jury might add a recommendation to the verdict"—that "the jury might make a recommendation but the effect of the recommendation would be for the court to determine," in view of the fact that thereafter the jury returned the following verdict: "We, the jury, find in favor of R. R. Caldwell and W. B. Caldwell, an injunction as prayed for by them, with a recommendation that the wire be removed from the premises of J. B. Dolvin within twelve months from this

date. We find in favor of J. B. Dolvin in the sum of $30 as rent. This October 29, 1957."

In his judgment the trial judge recited: "whereas that portion of the verdict which provides 'with a recommendation that the wire be removed from the premises of J. B. Dolvin within twelve months from this date' is surplusage, . . . it is considered, ordered and adjudged that the defendant J. B. Dolvin be permanently enjoined from interfering with the said R. R. Caldwell and W. B. Caldwell in operating their plant by cutting the guy wire as described in the pleadings or in any manner interfering with the respondents in the full enjoyment of the same."

A motion for new trial was filed, which was amended by adding three special grounds. The exception here is to the judgment denying the amended motion for a new trial. *Held:*

1. Since the evidence on various issues in this case was in conflict and did not demand a verdict for either party, the general grounds and special ground 1 in amplification of the general grounds are without merit.

2. Special ground 3 complains that the trial court erred in charging the jury, in connection with the circumstances under which the Caldwells would be entitled to a permanent injunction by virtue of an irrevocable parol license, that one necessary element would be "that the Caldwells incurred expense in erecting and maintaining the guy wire," without saying that such expense must be shown to have been incurred in connection with work done on lands of Dolvin rather than expense in connection with work done on lands of the Caldwells; and counsel cite in their brief in support of this contention *Tift* v. *Golden Hardware Co.*, 204 *Ga.* 654 (6) (51 S. E. 2d 435), along with other cases to the same effect. While the principle referred to was not included in the particular excerpt complained of, which paragraph of the charge dealt primarily with the effect of notice to Dolvin, at the time he purchased the property, of the easement claimed by the Caldwells, the trial judge, later in his charge to the jury, correctly stated the law, as set out in the *Tift* case, supra, when he said: "I charge you that in cases where a person claims that he has an irrevocable parol license to use lands of another, the person claiming such right must show that he has invested some substantial amount in exercising the license on the land effected thereby, and expenditures made in connection with improvements on adjacent

690

land of the one claiming the license are not to be considered as such expense as will prevent the revocation of such license, even though these improvements were made with the expectation of being able to continue using the license." Therefore, there is no merit in this ground of the motion for new trial.

3. It is contended, in special ground 2, that the trial judge erred in instructing the foreman of the jury, in response to his inquiry, that "the jury might make a recommendation but the effect of the recommendation would be for the court to determine." That the charge confused and misled the jury is apparent. The effect of the verdict as returned was to disregard the original instructions of the court that the jury might find a permanent injunction in favor of Dolvin, or in favor of the Caldwells, since it merely granted the Caldwells an injunction for "twelve months." While the trial judge, in his judgment, treated the "recommendation that the wire be removed from the premises of J. B. Dolvin within twelve months from this date," as surplusage, which he would be authorized to do where "a verdict, in addition to answering the issues involved, contains immaterial findings or findings on matters not in issue" (*Fleming* v. *Collins*, 190 *Ga.* 210, 213, 9 S. E. 2d 157; see also *Eidson* v. *Cheek*, 212 *Ga.* 201 (2), 91 S. E. 2d 498, *City of Sylvania* v. *Miller*, 210 *Ga.* 290 (2), 79 S. E. 2d 808, and *Morrison* v. *Smith*, 208 *Ga.* 521, 67 S. E. 2d 577) yet, "A verdict that is contradictory and repugnant is void, and no valid judgment can be entered thereon. A judgment entered on such a verdict will be set aside." *Fleming* v. *Collins*, 190 *Ga.* 210, 214, supra. This was a hearing before the "jury with a view of determining whether or not a permanent injunction should be granted." *Jones* v. *Mauldin*, 208 *Ga.* 14 (3), (64 S. E. 2d 452). By the additional instructions given to the foreman, the jury was evidently misled to believe they could recommend the grant of an injunction for "twelve months," in lieu of a permanent injunction, and, accordingly, the trial judge erred in overruling this ground of the motion for new trial.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 12, 1959—DECIDED FEBRUARY 6, 1959.

*Weldon C. Boyd, Eugene A. Epting,* for plaintiff in error.
*Edward P. Brown, E. Lloyd Lewis,* contra.