23518. HOOD v. WINDING-VISTA RECREATION, INC.

ARGUED JUNE 15, 1966—DECIDED JULY 7, 1966.

*Charles D. Wheeler,* for appellant.

*Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, R. Wayne Pressley, Dennis J. Webb,* for appellee.

GRICE, Justice. This controversy is over the construction and operation of a swimming pool and related facilities in a real estate subdivision. Hugh L. Hood, one of the property owners residing in the subdivision, on his own behalf and that of others similarly situated, filed suit in the Superior Court of DeKalb County against Winding-Vista Recreation, Inc., seeking injunctive and ancillary relief against such construction and operation. The petition, in three counts, was dismissed upon general demurrer and that ruling is enumerated as error here.

All of the counts have in common the essential allegations which follow. The defendant corporation applied to the Planning Commission of that county for a conditional use permit "To construct and operate a community pool with bathhouse and off-street parking, and other recreational facilities" on certain described property. This property is a tract of approximately five and a half acres lying in the center of Winding Woods subdivision and is zoned under Article VII of the Zoning Code of that county as "Single Family Residential District R-85." The defendant's application was approved by the Planning Commission, and upon appeal to the Board of Commissioners of Roads and Revenues of the county the permit was approved and issued.

Each of the three counts then proceeds with different theories as to why the project should be enjoined.

1. Count 1 makes the following additional recitals.

There is no provision in such zoning code specifications which authorizes a conditional use permit for a public swimming pool. In other sections of the code applicable to multiple family dis-

tricts, swimming pools are authorized when adjacent to single family residential districts. The area in which the defendant plans to install the pool is surrounded by single family residences or residence lots, all zoned R-85. Such installation and operation will lower the value, desirability and marketability of the property of the plaintiff and others similarly situated, all of whom would thus be irreparably injured.

This count, in our appraisal, does not set forth a cause of action.

The Zoning Code, in Article VII, which describes the Single Family Residential District R-85, recites that *"Certain nonresidential uses* such as schools, parks and public utilities *are permitted which are intended primarily to provide service to the adjacent neighborhood."* (Emphasis ours.) In a subsequent section that article provides: "Upon application to the planning commission and favorable decision thereof, the uses enumerated below may be permitted in the R-85 single family residential district . . . 1. Churches . . . 2. Cemeteries . . . 3. *Clubs, private and public,* including golf and country clubs . . . 4. Schools and publicly owned and operated buildings and lands. 5. Privately operated day nurseries, preschools, and kindergartens . . . 6. Public utility structures and land . . . 7. Two family dwellings." (Emphasis ours.) Thus, the Zoning Code makes it clear that nonresidential uses which are for the benefit of the neighborhood may be permitted in R-85 districts.

It is our view that the foregoing provisions authorize the use contemplated by the defendant. See *Richardson v. Passmore,* 207 Ga. 572 (63 SE2d 392). The defendant's application and the permit which was granted are for a "community pool and club," not a public one as alleged by the plaintiff.

Since the planned site is in a single family residential district, we are not concerned with the provisions of the Zoning Code, relied upon by the plaintiff, which relate to multiple family districts.

2. Count 2, besides the allegations in common with the other counts, made those hereinafter stated.

The plans of the defendant call for a swimming pool 82.6 feet

by 42 feet, with a 35 by 35 foot diving area, a wading pool, and a bathhouse, as well as a concession stand serving those using these facilities. Its plans call for a maximum of 225 family memberships, but its bylaws could readily be amended to make the membership unlimited. The planned site is surrounded by single family residences and can be reached only by two narrow, winding residential streets about 30 feet wide. Plans call for off-street parking for only 40 automobiles. The operation of the planned facilities, under these circumstances, will result in extremely congested and hazardous conditions on the two access streets which are lined on all sides by residences.

The pool will be located within 50 feet of the property lines of some of the residences, and future facilities, according to the defendant's plans, would be located at similar distances from adjacent residence property. The operation of the pool and the future facilities would necessarily cause loud noises and bright lights, which would disturb the peace and tranquility of the plaintiff and others similarly located.

Operation of the concession stand and future picnic facilities would result in the scattering of refuse, litter and scraps of food, inevitably causing increased flies and other insects, and possibly attracting rodents. Proper policing of the grounds to avoid such nuisances would be virtually impossible and prohibitive in cost.

The operation of these facilities would create a continuing nuisance, dangerous to the peace, tranquility, safety, lives and health of the plaintiff and those similarly situated, and would also lower the value, desirability and marketability of the property of the plaintiff and those similarly situated. They would be irreparably injured thereby.

In evaluating these allegations we deem apt the statement in *Todd v. City of Dublin*, 212 Ga. 36, 37 (89 SE2d 889) that "This court has many times held that injunction is an extraordinary process, and the most important one which courts of equity issue; and being so, it should never be granted except where there is grave danger of impending injury to person or property rights, and a mere threat or bare fear of such injury is not sufficient." Also applicable is the rule that "the mere anticipation of injury

from the operation of a lawful business will not authorize the grant of an injunction." *Davis v. Miller,* 212 Ga. 836, 839 (96 SE2d 498).

The facts here are quite different from those in *Isley v. Little,* 217 Ga. 586 (124 SE2d 80), relied on by the plaintiff.

Count 2 does not state a cause of action.

3. Count 3 additionally alleges the following.

The site of the planned facilities is in the approximate center of Winding Woods subdivision and is surrounded by single family residences including that of the plaintiff. Such facilities violate the general scheme of such sudivision and the protective covenants thereof as set out in recorded plats.

In pursuance of its plans the defendant is maintaining upon the entrance to said site an advertising sign 32 square feet in size, which violates paragraph 12 of the protective covenants.

The installation and operation of these planned facilities will lower the character of the subdivision; will decrease the value, desirability and marketability of the homes, particularly those immediately adjacent thereto such as plaintiff's; will impair the peace and quiet of the community; and will cause congestion and hazardous traffic conditions on the streets thereof. Unless these are enjoined plaintiff and others similarly situated will be irreparably injured. In addition to injunctive relief from installation and operation of the planned facilities, this count also sought injunction against the defendant's maintaining the advertising sign above referred to.

This count, as we evaluate it, does not set forth a cause of action.

While it alleges that the facilities planned by the defendant violate the general scheme of the subdivision and the protective covenants applicable thereto, this allegation must yield to the contradictory showing made by the exhibits attached to the petition and referred to in this count. See in this connection, *Saldivia v. Saldivia,* 218 Ga. 98 (126 SE2d 615). Exhibit G, according to the allegations, contains the protective covenants relating to the entire subdivision. They provide that "No *lot* shall be used except for residential purposes . . ." (No. 1) and "No sign of any kind shall be displayed to the public view

on any *lot* except . . ." (No. 12). (Emphasis ours.) Exhibit F displays the overall scheme of the subdivision, and Exhibit E portrays the portion where the facilities in question are planned. These exhibits show that the facilities are to be installed, not on any "lot" of the subdivision, but on a "reserved area," separate from the lots. Under these circumstances, there is no use of property in violation of the general scheme and protective covenants so as to warrant injunctive relief against the construction and operation of the swimming pool and related facilities or maintenance of the advertising sign.

Since the allegations of each of the three counts were legally insufficient, the petition was subject to general demurrer.

*Judgment affirmed. All the Justices concur.*