25169. RESIDENTIAL DEVELOPMENTS, INC. et al.
v. MANN et al.

ARGUED MAY 13, 1969—DECIDED JULY 10, 1969.

*Woodruff, Savell, Lane & Williams, Henry Angel, Edward L. Savell,* for appellants.

*Greene, Buckley, DeRieux, Moore & Jones, Ferdinand Buckley, James A. Eichelberger, Thomas B. Branch, III,* for appellees.

GRICE, Justice. For review in this zoning controversy are rulings denying a motion to dismiss the complaint, overruling a defense, and granting a temporary injunction.

Litigation began when Robert W. Mann, five other persons and North Springs Civic Association filed their class action in

the Superior Court of Fulton County against Residential Developments, Inc., and its president John Dromey. The allegations of the complaint insofar as necessary here, are essentially those which follow.

The individual plaintiffs are residents of Devonwood subdivision, consisting of single-family residences developed by the defendants. The Association plaintiff is composed of residents of Devonwood and a nearby subdivision and exists for the purpose of protecting those residents against undesirable zoning changes.

The property involved in this action is unit 6 of Devonwood subdivision.

In April 1962 the defendants, who had purchased the tract including this property, filed with the Fulton County zoning office an application to rezone most of the tract from R-2 to R-3, to permit smaller single-family residences. At the hearing the defendant Dromey, for himself and the defendant Residential, stated to the Board of Commissioners that the property on Brandon Mill Road and Roswell Road would remain R-2 and he had no intention of making a later request that it be zoned R-3. Such representation was an inducement for granting the rezoning application and it was granted over the objections of adjacent property owners.

Thereafter, the defendants filed a plat showing the proposed development of the tract, as inducement for approval of the development of Devonwood subdivision. Based upon such plat the county approved units 1, 2, 3, 4 and 5 of Devonwood and gave preliminary approval of unit 6.

In late 1964, notwithstanding the assurances made in 1962, the defendants filed applications to rezone two properties, one from R-2 and R-3 to C-1 (commercial) and the other from R-3 to A-O (apartments and offices), which had originally been platted as part of Devonwood. At the hearings residents of that subdivision who had purchased lots from the defendant Residential based upon the assurances that the property would be developed for single-family residential purposes only, objected, insisting that the defendant Residential and the county were estopped from such rezoning. After two public hearings with

the resultant expense and inconvenience to the subdivision residents, the defendants, upon request of the Board of Commissioners, withdrew the application.

In April 1966 the defendant Residential and Charles A. Mueller Company filed an application for rezoning from R-2 and R-3 to A-O of the same property involved in the 1964 rezoning proceeding. This property sought to be rezoned was also the subject of defendant Dromey's 1962 assurances to the Commissioners. A portion of this property was platted as part of Devonwood and represented to residents of Devonwood by the defendant Residential as being planned for single-family residences. Residents of Devonwood and another subdivision, at their own expense, employed counsel to oppose this application. After considerable negotiation and based upon specific written assurances of the applicants and their attorney, as shown by an attached letter agreement, such residents withdrew their opposition.

The letter agreement, dated May 4, 1966, was signed by the attorney for the plaintiffs, and bore the approval of Charles A. Mueller Company and the defendant Residential. Its caption referred to the pending zoning application and, insofar as necessary to recite here, provided as follows: "The applicant, in cooperation with [the defendants Residential and Dromey] have had approved that portion of Spalding Drive which lies west of Roswell Road relocated so that Spalding Drive will run approximately parallel to Roswell Road. The applicant and [the defendant Residential] agree that there will be no vehicular access from the tract of land, which is the subject of this application, to the portion of Spalding Drive which lies west of Roswell Road, and that only single-family dwellings will front on that portion of Spalding Drive which lies west of Roswell Road, with said single family dwellings to be constructed under existing zoning regulations."

The defendants Residential and Dromey had had such a plan approved by the county planning board in accordance with a plat dated March 11, 1966. This plat was prepared and submitted to the planning board for the purpose of inducing residents of the two subdivisions and members of the plaintiff

Association to believe that the property involved in this action would be developed for single-family residential purposes.

Since June 1, 1966, the defendants have sold lots in unit 5, which adjoins unit 6, of Devonwood to the individual plaintiffs, and in each instance Dromey represented to such purchaser that unit 6 would be developed for single-family residence purposes.

About June 1968, notwithstanding said representations and assurances, the defendants entered into an agreement with R. E. Doyal to sell property in unit 6, contingent upon it being rezoned from R-3 to A (apartments). The defendants and Doyal, in the latter's name, filed a petition to rezone such property from R-3 to A. Because of this application the plaintiffs and other residents in the two subdivisions were again required to undergo expense in resisting it. After two public hearings it was denied.

As a result of the defendants failing to live up to the representations which they made to the plaintiffs and other residents of Devonwood, plaintiffs have incurred expenses of approximately $1,000 in opposing the several rezoning efforts hereinbefore referred to, and are entitled to punitive damages of $10,000.

Unless the defendants are restrained from prosecuting additional applications for rezoning of the property involved here, plaintiffs will be put to further expense and aggravation in order to resist them.

Prayers for relief include judgment for actual and punitive damages, temporary and permanent injunction prohibiting the defendants from filing further applications to rezone the property from R-3 to any lower category, and general relief.

To the foregoing complaint the defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted, and they also filed an answer which asserted this feature as one of its defenses.

After a preliminary hearing the trial court entered judgment, which, insofar as material here, denied the motion to dismiss the complaint, overruled the defense taking the same position, and temporarily enjoined the defendants from using the property in question for any purpose other than single-family residence purposes and from conveying it to be used for any other purpose.

■ We deal first with the issue as to the sufficiency of the complaint.

In appraising its allegations we, of course, must apply the standard prescribed by the Civil Practice Act (Ga. L. 1966, p. 609, as amended by Ga. L. 1967, p. 226; *Code Ann. Ch.* 81A). Under this Act a complaint does not have to allege facts sufficient to set forth a cause of action. It need only contain facts upon which the court's venue depends and "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." *Code Ann.* § 81A-108 (a). With the advent of this notice pleading, the complaint is no longer to be construed most strongly against the pleader. *Harper v. De-Freitas,* 117 Ga. App. 236, 237 (160 SE2d 260).

Therefore, a motion to dismiss should not be granted unless the allegations in the complaint disclose with certainty that the plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claim. *Bourn v. Herring,* 225 Ga. 67 (166 SE2d 89); *Harper v. DeFreitas,* 117 Ga. App. 236, 238, supra. For similar construction of the Federal Rules of Civil Procedure, from which our rules were taken, see Conley v. Gibson, 355 U. S. 41 (78 SC 99, 2 LE2d 80).

From our examination of this complaint we conclude that it meets the requirements referred to above. The allegations recite that the defendants made representations and assurances, both oral and written, to plaintiffs and other residents to the effect that the property in question would remain zoned for single-family residences; and that notwithstanding those representations and assurances the defendants attempted to rezone to apartment and commercial use, causing the plaintiffs to incur expenses to resist the rezoning. The allegations thus set forth ample notice of the claim and the ground upon which it rests, so that the defendants can frame their responsive pleadings.

Therefore, the trial court was correct in denying the motion to dismiss the complaint and in overruling the defense, both of which were addressed to the sufficiency of the complaint.

■ However, as we view it, the showing made upon the hearing did not authorize grant of the interlocutory injunction. The complaint prayed that the defendants be enjoined from filing further applications to rezone the property, and also sought gen-

eral relief. The interlocutory injunction forbade use of the property except for single-family purposes and its conveyance to be used for any other purpose, reciting that this was appropriate to preserve the status pending trial.

There was no showing of any threat of contrary use or future applications for rezoning. Rather, what was shown was a history of events which had already transpired.

Applicable here is the well established principle that "Injunction is an extraordinary process, and the most important one which courts of equity issue; being so, it should never be granted except where there is grave danger of impending injury to person or property rights, and a mere threat or bare fear of such injury is not sufficient." *Thomas v. Mayor &c. of Savannah,* 209 Ga. 866 (3) (76 SE2d 796) (one Justice not participating); *Todd v. City of Dublin,* 212 Ga. 36, 37 (89 SE2d 889); *Hood v. Winding-Vista Recreation, Inc.,* 222 Ga. 345, 347 (149 SE2d 784).

It follows that this portion of the judgment was erroneous.

*Judgment affirmed in part; reversed in part. All the Justices concur.*