## 36650. CONNELL et al. v. LONG.

Jordan, Presiding Justice.

Appellant brought suit against a neighboring landowner, appellee, alleging her impending violation of certain zoning ordinances through the proposed construction of a building. Appellants prayed for an injunction against constructing any such building, and, over the course of the litigation, received two temporary restraining orders and an interlocutory injunction, all from which appellee did not appeal.

Prior to the trial on a permanent injunction, the trial judge held a pre-trial conference with counsel for both parties present. Counsel for the appellee argued that the complaint should be dismissed for failing to state a claim on the ground that only a bare threat of injury had been alleged. See *Residential Developments, Inc. v. Mann,* 225 Ga. 393 (169 SE2d 305) (1969). After both parties submitted briefs on this issue, the trial court ruled that the complaint should be dismissed.

1. The trial court relied on *Residential,* supra, to dismiss the complaint. However, that case stands for two propositions: first, that an injunction cannot be granted upon the showing of a mere threat of

injury, and, second, that nevertheless a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless "the allegations in the complaint disclose with certainty that the plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claim. [Cit.]" 225 Ga. at 397.

Appellants alleged that appellee "has contracted to sell the realty ... to a third party who plans to erect a structure [in violation of the applicable zoning laws]." They further alleged that appellee's acts are in violation of these zoning laws. Should appellants be able to prove that appellee had in fact entered into such an agreement or performed any other act in violation of the zoning laws, then their complaint sufficiently set forth a claim for an injunction and should not have been dismissed.

2. If matters outside the pleadings are presented to the court on a motion to dismiss for failure to state a claim, then the motion shall be treated as one for summary judgment. Code § 81A-112 (b).

The trial court stated the following in its written order dismissing the complaint: "Plaintiff's complaint does not allege that the defendant has applied for or been issued a building permit ... and, further, *upon the statements of plaintiffs, plaintiffs' counsel and defendant's counsel that no application for a building permit has even been filed;* it therefore appears from the record that there has never been an application for a building permit on the subject property." (Emphasis supplied.)

Neither appellants or appellee's pleadings raised the issue of a building permit, so it appears from the trial court's order that matters outside the pleadings were considered transforming appellee's motion to dismiss into one for summary judgment. Assuming that the statements of counsel constituted evidence that the trial court heard, we still must look to see whether appellee as movant for summary judgment carried the burden of piercing appellants' pleadings so as to show appellants not entitled to recover under any theory of the case. See *Griffin v. Wittfeld,* 143 Ga. App. 485 (238 SE2d 589) (1977).

The mere presence or absence of a building permit application fails to show that appellants' complaint was brought prematurely, for appellee could have been in violation of the applicable zoning laws without one. Appellants could conceivably present evidence, if they have it, that appellee is presently building on her property without a building permit, and that would certainly be some showing that appellants' complaint presents more than a mere threat of injury. Appellee then has not sustained her burden of showing that there is no theory under which appellants are entitled to an injunction.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1980 — DECIDED OCTOBER 29, 1980.

*Connell & Kirwan, George H. Connell, Jr.,* for appellants.
*Stagg, Wildau & Simpson, J. Christopher Simpson, Susan Hoy,* for appellee.