37927. CONNELL et al. v. LONG.

JORDAN, Chief Justice.

The main thrust of the Connells' action against Mrs. Long is to permanently enjoin the construction of a house on Mrs. Long's vacant lot adjacent to the Connells' home. The Connells also seek damages from Mrs. Long for her alleged trespass upon their property.

---

Holding that as movant for summary judgment Mrs. Long had not sustained her burden of showing that there is no theory under which the Connells are entitled to an injunction, we reversed the judgment dismissing the Connells' complaint which had been entered by the trial court upon its holding that the complaint merely alleged a threat of injury. *Connell v. Long,* 246 Ga. 588 (272 SE2d 317) (1980).

After entry of our remittitur, the trial court submitted to a jury questions prepared by the Connells as follows: 1. "Does defendant's realty meet the acreage and frontage requirements of the City of Atlanta, Georgia ordinances?" 2. "Is defendant's realty a 'lot of record' as defined by the ordinances of the City of Atlanta?" 3. (a) "Are plaintiffs entitled to recover damages of defendant?" 3. (b) "If the answer to subparagraph (a) is 'yes', please state the amount of damages that plaintiffs are entitled to recover of defendant in the following blank."

The first two questions were answered by the jury in the negative. The third question was answered in the affirmative, with the amount of one dollar being inserted in the blank.

The parties and the court had agreed prior to submission of the questions to the jury that the question of whether or not an injunction would issue was one of law for the court. The defendant had objected to any issue being submitted to the jury, contending that the parties were in agreement that the defendant's realty did not meet the acreage and frontage requirements of the applicable city ordinance, that the "lot of record" question was one of law for the court rather than one of fact for the jury, and that there was no probative evidence of trespass by the defendant upon the plaintiff's property.

After return of the verdict but before entry of judgment, the defendant objected once more to the submission of the "lot of record" issue to the jury, contending, as before, that the issue was one of law for the court; objected to entry of judgment before the court had heard defendant's legal argument and had exercised its discretion as to whether or not an injunction should issue; and objected to certain other matters, not here relevant, pertaining to the proposed form of the judgment and injunction.

The court thereafter entered judgment for the defendant, finding and concluding that there was no probative evidence that the defendant had trespassed upon the Connells' property and that there was no proof that the city zoning ordinance was violated although the property did not meet either the acreage or frontage requirements of the zoning ordinance.

The jury had heard evidence that the city had issued a building permit to a person who had signed a contract to purchase Mrs. Long's

vacant lot, which contract was contingent upon his being able to build a home on the lot. Other evidence had been heard that the plaintiffs had rented and were renting a portion of their home to a person who was not a member of their family despite the city's single-family zoning being applicable to their home. The defendant had raised a "clean hands" issue, insisting that the plaintiffs were not entitled to an injunction to enforce the zoning ordinance while they were in violation of it.

Neither the city nor the purchaser of the lot was made party to the action, and no relief was sought by the Connells relating to the city's issuance of the building permit.

The Connells appeal. We affirm in part and reverse in part for the reasons given in this opinion.

1. The Connells contend that the court erred by entering a judgment that does not follow the verdict. Although the jury found for the Connells on the "lot of record" issue (question two) and on the trespass issue (question three) the trial court entered judgment in behalf of Mrs. Long on both issues.

The Connells first contend under authority of *Quakenbush v. Quakenbush,* 230 Ga. 649, 651 (4) (198 SE2d 851) (1973), and *Fried v. Fried,* 208 Ga. 861 (69 SE2d 862) (1952), that the trial court was without authority to modify the jury verdict so as to eliminate substantial findings in their favor. Next, they contend the court erred procedurally in that the court entered, in effect, a judgment notwithstanding the verdict although no proper motion for directed verdict had been made, no motion jnov was pending, and judgment had not been entered on the verdict. They cite Code Ann. § 81A-150, *Wall v. C. & S. Bank,* 153 Ga. App. 29, 30 (2) (264 SE2d 523) (1980), affirmed, 247 Ga. 216 (274 SE2d 486) (1981), and *Gleaton v. City of Atlanta,* 131 Ga. App. 399 (206 SE2d 46) (1974).

Mrs. Long argues that none of the foregoing contentions has any merit because the suit was in equity and the jury's findings on the specific questions or interrogatories addressed by the court to the jury were merely advisory and could be ignored by the court. 30A CJS Equity, § 510, p. 543.

We need not reach the issue of whether or not a special verdict in equity is binding on the court. The parties are and have been in agreement that Mrs. Long's lot does not meet the acreage and frontage requirements of the zoning ordinance. Thus, the jury's finding on question one merely confirmed a point not in issue. *Dolvin v. Caldwell,* 214 Ga. 687, 690 (3) (107 SE2d 199) (1959). Furthermore, the court accepted the jury's finding on question one.

Question two was an issue of law for the court, not one of fact for the jury. Accordingly, the trial court correctly decided the issue

himself although he previously but unnecessarily had submitted it to the jury. *City of Columbus v. Ogletree,* 102 Ga. 293, 296 (2) (29 SE 749) (1897).

The third question was one of fact as to a claim at law rather than in equity. The question of whether Mrs. Long had trespassed on the Connells' property by walking on their property without their permission was a legal claim for damages distinct from the question of whether Mrs. Long's use of her lot should be enjoined because it was in violation of the zoning ordinance. Accordingly, the trial court should not in effect have entered a judgment notwithstanding the verdict on this legal claim prior to entry of judgment on the verdict. *Wall v. C. & S. Bank,* supra.

2. The applicable city zoning ordinance provided that "Every lot shall have an area of not less than two (2) acres and a frontage of not less than 200 feet except that if a lot has less area or width than herein required and was of record on the effective date of this part, that lot may be used for purposes permitted in this district." The term "lot of record" is defined elsewhere in the city's ordinances as "A lot which is part of a subdivision, the map of which was recorded in the office of the Clerk of the Superior Court of Fulton or DeKalb Counties prior to December 31, 1954 or *a parcel of land the deed of which was recorded* in the office of the Clerk of the Superior Court of Fulton or DeKalb Counties *prior to December 31, 1954.*" (Emphasis supplied.)

3. The trial court held that the Connells had not proven that Mrs. Long's lot was not a lot of record because they had not proven that it was not a part of a subdivision for which a map had been recorded prior to December 31, 1954. We affirm for another reason. Mrs. Long's lot was a "parcel of land the deed of which was recorded . . . prior to December 31, 1954." The deed to Mrs. Long was of record prior to December 31, 1954. Out of that total tract or parcel, Mrs. Long conveyed during 1951 the lot which ultimately was conveyed to the Connells. The parcel remaining titled in Mrs. Long is the subject of this litigation. Mrs. Long's lot thus fits as a matter of law within one of the exceptions to the frontage and acreage requirements. The city evidently recognized this when issuing the building permit.

4. The remaining enumerations of error are without merit.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Weltner, J., not participating.*

DECIDED JANUARY 6, 1982.

*Connell & Kirwan, George H. Connell, Jr.,* for appellants.
*Stagg, Wildau & Simpson, Susan Hoy, J. Christopher Simpson,*

for appellee.