A90A2254, A90A2255. VINSON v. PIEDMONT HOUSING, INC.;
and vice versa.
(403 SE2d 96)

CARLEY, Judge.

Appellant-plaintiff brought suit against appellee-defendant in magistrate court. A judgment was entered in favor of appellant and appellee appealed to the superior court. The case was tried before a jury and a verdict was returned in favor of appellant. However, before judgment was ever entered on this verdict, appellee moved for judgment notwithstanding the verdict and the superior court granted that motion. Appellant applied for a discretionary appeal, and, in Case No.

A90A2254, she appeals pursuant to the grant of her application, while in Case No. A90A2255, appellee cross-appeals.

## Case No. A90A2254

1. " 'A motion for judgment notwithstanding the verdict or for a new trial filed prior to entry of the judgment on the verdict is void.' [Cit.]" *McKeever v. State of Ga.*, 189 Ga. App. 445 (375 SE2d 899) (1988). "[T]he trial court should not . . . have entered a judgment notwithstanding the verdict . . . prior to entry of judgment on the verdict. [Cit.]" *Connell v. Long*, 248 Ga. 716, 719 (1) (286 SE2d 287) (1982). Accordingly, the superior court's erroneous grant of appellee's void motion for judgment notwithstanding the verdict is reversed with direction that judgment be entered on the jury's verdict. Thereafter, appellant will be entitled to pursue her post-judgment remedies, including the right to file an application for a discretionary appeal from any adverse final judgment in the case.

## Case No. A90A2255

2. "A cross-[appeal] is a remedy provided for the successful party in a verdict and judgment to have reviewed adverse rulings made during the trial, 'in the event his adversary is successful in obtaining a judgment in the [appellate court] which in its effect leaves the case to be tried again in the trial court.' [Cit.]" *Robinson v. Ga. Savings Bank &c. Trust Co.*, 185 Ga. 688, 700 (8) (196 SE 395) (1938). The effect of our reversal of the main appeal is *not* to order a retrial in the superior court, and, under such circumstances, " 'the settled practice is to dismiss the cross-[appeal].' [Cits.]" *Robinson v. Ga. Savings Bank &c. Trust Co.*, supra at 700. After the superior court's compliance with the mandate of our holding in the main appeal, appellee will be entitled to pursue its post-judgment remedies, including the right to file a valid motion for judgment notwithstanding the verdict.

*Judgment reversed with direction in Case No. A90A2254. Appeal dismissed in Case No. A90A2255. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 4, 1991.

*Lonzy F. Edwards, Brenda C. Youmas*, for appellant.
*G. B. Moore III*, for appellee.