A91A2080, A91A2081, A91A2082, A91A2083. ANAYA v. BROOKS AUTO PARTS, INC.; and vice versa.
(417 SE2d 423)

CARLEY, Presiding Judge.

Appellant-plaintiff brought suit, seeking to recover for personal injuries under theories of products liability, breach of implied warranty, and negligence. Appellee-defendant answered, denying the material allegations of appellant's complaint. The case proceeded to trial before a jury and appellee moved for a directed verdict. The trial court granted appellee's motion as to appellant's recovery under the products liability and breach of implied warranty theories. However, the trial court reserved its ruling on appellee's motion as to appellant's recovery under the negligence theory and allowed the case to go to the jury on that theory. After the jury returned a verdict in favor of appellant, the trial court, acting sua sponte and without ever entering judgment on the jury's verdict, granted appellee's motion for a directed verdict and entered judgment thereon. In Case Nos. A91A2080 and A91A2081, appellant appeals from this judgment and, in Case No. A91A2082, appellee cross-appeals. After the trial court had entered judgment on its grant of appellee's motion, appellee filed a "Motion for New Trial in the Alternative to the Judgment rendered by the [Trial] Court." In Case No. A91A2083, appellee appeals from the denial of this motion.

## Case Nos. A91A2080 and A91A2081

1. As noted, the trial court granted appellee's motion for a directed verdict and entered judgment thereon *prior* to entering judgment on the jury's verdict for appellant. There is authority for the proposition that a trial court, having reserved its ruling on a motion for a directed verdict, may grant the motion *after* entering judgment on the jury's verdict. *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 420 (1) (249 SE2d 224) (1978); *Brandvain v. Ridgeview Institute*, 188 Ga. App. 106, 111 (a) (372 SE2d 265) (1988), aff'd 259 Ga. 376 (382 SE2d 597) (1989). However, there is no authority for the proposition that a trial court, having reserved its ruling on a motion for a directed verdict, may grant the motion *before* entering judgment on the jury's verdict.

"When a motion for directed verdict is reserved and ruled on after the verdict, it is treated as a judgment notwithstanding the verdict." *Miller & Meier & Assoc. v. Diedrich*, 174 Ga. App. 249, 250 (1)

(329 SE2d 918) (1985), rev'd, in part, on other grounds 254 Ga. 734 (334 SE2d 308) (1985). It follows that, as in the controlling Supreme Court authority of *Connell v. Long*, 248 Ga. 716, 719 (1) (286 SE2d 287) (1982), "the trial court [in the instant case] should not *in effect* have entered a judgment notwithstanding the verdict . . . prior to entry of judgment on the verdict. [Cit.]" (Emphasis supplied.) (Post-verdict grant of motion for a directed verdict.) Accordingly, the trial court's erroneous post-verdict grant of appellee's motion for directed verdict must be "reversed with direction that judgment be entered on the jury's verdict. Thereafter, appellant will be entitled to pursue [his] post-judgment remedies, including the right to file an . . . appeal from any adverse final judgment in the case." *Vinson v. Piedmont Housing*, 198 Ga. App. 814, 815 (1) (403 SE2d 96) (1991).

### Case No. A91A2082

2. The cross-appeal from the judgment entered on the trial court's grant of appellee's motion for a directed verdict must be dismissed. "The effect of our reversal of the main appeal[s] is *not* to order a retrial in the [state] court, and, under such circumstances, ' "the settled practice is to dismiss the cross-(appeal)." (Cits.)' [Cit.]" (Emphasis in original.) *Vinson v. Piedmont Housing*, supra at 815 (2).

### Case No. A91A2083

3. Appellee's appeal from the denial of its alternative motion for new trial must likewise be dismissed. Appellee's motion was premature, since it was filed before judgment was ever entered on the jury's verdict. After the state court's compliance with the mandate of our holding in the main appeals, appellee will be entitled to pursue its post-judgment remedies, including the right, should it prove necessary, to file a motion for judgment notwithstanding the verdict or, in the alternative, new trial.

*Judgment reversed with direction in Case Nos. A91A2080 and A91A2081. Appeals dismissed in Case Nos. A91A2082 and A91A2083. McMurray, P. J., Birdsong, P. J., Pope, Beasley, Cooper and Andrews, JJ., concur. Sognier, C. J., and Johnson, J., dissent.*

JOHNSON, Judge, dissenting.

While it is true that in *Brandvain v. Ridgeview Institute*, 188 Ga. App. 106, 111 (1) (a) (372 SE2d 265) (1988), aff'd 259 Ga. 376 (382 SE2d 597) (1989), the trial court had entered judgment on the jury's verdict before granting the contrary motion for directed verdict, there was no suggestion in that case that such a procedure was required. To the contrary, this court specifically stated in *Brandvain* that "ruling on the motion *prior* to the entry of the . . . judgment would have been

procedurally and conceptually more orderly as contemplated by OCGA § 9-11-50 (b). . . ." (Emphasis supplied.) Id. This is precisely the procedure which was followed in the present case, yet we are now holding that a more convoluted procedure is required.

As I understand the majority's ruling, this case will now be returned to the trial court, where the judge, after first entering judgment on the jury's verdict, will be authorized sua sponte to vacate that judgment, re-grant the defendant-appellee's motion for directed verdict, and enter judgment accordingly, following which the appellant-plaintiff will be in position to file a new appeal. All of this is totally unnecessary and could be obviated by simply reaching the merits of the main appeal at the present time. Believing the holding in Division 1 of the majority's opinion both frustrates judicial economy and efficiency and adds a needless layer of complexity to post-trial practice in this state, I respectfully dissent.

I am authorized to state that Chief Judge Sognier joins in this dissent.

DECIDED MARCH 20, 1992.

*Novy & Jaymes, Eugene Novy, Deborah M. Vaughan*, for appellant.

*Brennan & Wasden, Wiley A. Wasden III*, for appellee.

