A93A1732. FABIAN v. DYKES et al.
(436 SE2d 819)

BLACKBURN, Judge.

On March 13, 1992, Carl Dykes brought the instant action against the appellant, Bobby Fabian and William Woodall as president and vice president of Fabian and Woodall, Inc. (the corporation), seeking reimbursement for monies paid as a guarantor on a September 30, 1982, promissory note from said corporation to The Coastal Bank. Fabian responded to the complaint, asserting several defenses and denying liability based upon a release executed by the bank within two months of the execution of the promissory note. Woodall was never located or served with a summons or a copy of the complaint, and the action proceeded to trial against Fabian.

After the presentation of evidence by Dykes, Dykes moved for a directed verdict. The trial court deferred ruling on the motion, indicating that the court would submit to the jury for its consideration the issue of whether Fabian had been released from the promissory note. After Fabian presented evidence in his defense, the jury deliberated on the issue of the release, and returned a verdict in favor of Fabian, finding that Fabian had been released from the debt. Thereafter, Dykes renewed his motion for a directed verdict, or in the alternative, a j.n.o.v., and the trial court entered a j.n.o.v., finding in favor of Dykes as a matter of law because, as a surety, Dykes had an independent right to collect from his principal, Fabian, under OCGA § 10-7-41.[1] The trial court awarded Dykes the total amount of the payments that he made on the account in addition to the accrued per diem interest through February 24, 1993, the date of the trial. This appeal followed.[2]

---

[1] OCGA § 10-7-41 specifically provides that "[p]ayment by a surety or endorser of a debt past due shall entitle him to proceed immediately against his principal for the sum paid, with interest thereon, and all legal costs to which he may have been subjected by the default of his principal."

[2] Dykes died following the filing of this appeal. On June 21, 1993, this court substituted

In *Anaya v. Brooks Auto Parts*, 203 Ga. App. 485 (417 SE2d 423) (1992), relying on our Supreme Court's decision in *Connell v. Long*, 248 Ga. 716, 719 (1) (286 SE2d 287) (1982), the majority of this court reversed the trial court's grant of a motion for directed verdict,[3] where, as in the present case, the trial court granted the motion after the jury returned its verdict in favor of the appellant, without entering a judgment on the jury's verdict. We noted therein that "there is no authority for the proposition that a trial court, having reserved its ruling on a motion for a directed verdict, may grant the motion *before* entering judgment on the jury's verdict." *Anaya*, supra. We likewise reversed the trial court's judgment in *Wright v. Millines*, 204 Ga. App. 111 (418 SE2d 453) (1992), where the trial court, without entering a judgment on the jury's verdict, granted the original motion for directed verdict notwithstanding the verdict of the jury. As in *Anaya*, supra, in *Wright*, we held that the trial court should not have entered a j.n.o.v. prior to the entry of a judgment on the jury's verdict.

In the case sub judice, after initially reserving its ruling on Dykes' motion for directed verdict, the trial court entered a judgment in favor of Dykes prior to entering a judgment on the jury's verdict that Fabian had been released from the promissory obligation. Accordingly, we are bound by our recent decisions in *Anaya* and *Wright*, and must reverse the trial court's judgment, with direction that judgment be entered on the jury's verdict. Thereafter, the parties will be entitled to pursue post-judgment remedies, including the right to file an appeal from any adverse final judgment in the case.

*Judgment reversed with direction. McMurray, P. J., concurs. Johnson, J., concurs specially.*

JOHNSON, Judge, concurring specially.

I am constrained to agree with the majority in this case because it correctly applies this court's decision in *Anaya v. Brooks Auto Parts*, 203 Ga. App. 485 (417 SE2d 423) (1992). However, I continue to believe that *Anaya* was wrongly decided for the reasons set forth in my dissent in that case. Here, as in *Anaya*, we return a case to the trial court for the entry of a judgment upon the jury's verdict to correct a purely technical defect which, when corrected, will bring this case back to us for consideration of the merits. As I wrote in *Anaya*, "(a)ll of this is totally unnecessary and could be obviated by simply reaching the merits of the . . . appeal at the present time."

---

as party-appellees Debra Shuman and R. Lance Dykes, executors of Dykes' estate pursuant to Court of Appeals Rule 39 (a).

[3] As we stated in *Anaya*, when a ruling on a motion for directed verdict is reserved by the trial court and ruled on after the verdict, it is treated as a j.n.o.v.

DECIDED OCTOBER 28, 1993.

*Barrow, Sims, Morrow & Lee, R. Stephen Sims*, for appellant.
*Jones, Osteen, Jones & Arnold, G. Brinson Williams, Jr.*, for appellees.