A94A1574. FABIAN v. DYKES.
(449 SE2d 305)

BIRDSONG, Presiding Judge.

Bobby J. Fabian appeals a judgment n.o.v., following a jury verdict in his favor. See *Fabian v. Dykes,* 210 Ga. App. 703 (436 SE2d 819). The case arises out of a note for $75,194.40 which Fabian and his partner, William Woodall, executed to Coastal Bank of Hinesville in September 1982, for a loan made to a corporation, "Fabian and Woodall, Inc." The note was signed by Bobby Fabian and William Woodall. Carl R. Dykes (now deceased) executed a personal guaran-

tee. In November 1982, all assets of Fabian and Woodall, Inc., were transferred to William Woodall, and a document of that date on Coastal Bank stationery provides: "Be it . . . further resolved that Bobby Fabian has relinquished all interest in [Fabian and Woodall, Inc.] and has no obligations. It is understood that William L. Woodall will be responsible for all indebtedness. . . . These above terms have been agreed upon by all three parties signing below." The "three parties signing below" were Fabian, Woodall, and a Coastal Bank vice president.

In 1985, the note was in default and Dykes paid the amount of default, $39,592.03. Dykes filed this suit to collect that money from Fabian. Fabian contends, and the jury found, that in November 1982, the bank fully released him from any liability on the note. Following the appeal reported at 210 Ga. App. 703, supra, the trial court entered judgment for Fabian and then granted judgment n.o.v. to Dykes. Fabian contends that as he was not liable to the bank on the note, any payment by Dykes was not made on his behalf and was voluntary. *Held*:

The grant of judgment n.o.v. is proper. OCGA § 10-7-41 provides: "Payment by a surety or endorser of a debt past due shall entitle him to proceed immediately against his principal for the sum paid, with interest thereon, and all legal costs to which he may have been subjected by the default of his principal." Even a voluntary payment by the guarantor entitles him to proceed against the principal. *Shatles v. Baker*, 18 Ga. App. 300 (89 SE 373). The trial court held that Dykes has an "independent equitable right to collect from his principal [Fabian]." However, the Dykes' right to collect from Fabian is an independent *legal* right under the statute.

Dykes was not a party to the bank's release of Fabian. Fabian's statutory liability to the guarantor under OCGA § 10-7-41 was fixed when Dykes guaranteed the note, and it was not removed by Fabian's release from the creditor to which Dykes was not a party. Although Fabian was not liable to the bank he was still liable to the guarantor, for the guarantor was still liable on the note. Dykes' payment, if not on Fabian's behalf, was on behalf of the guarantee Dykes had signed on Fabian's behalf. To say Fabian was released from his statutory obligation to pay the guarantor because he had removed himself as principal obligor would allow Fabian to induce Dykes to guarantee a loan, receive the benefits of the loan and then secure his own release from the debt, thereby ensuring that the guarantor will have to pay it. Fabian benefited from the loan, he benefited from Dykes' agreement to stand for the debt, and he benefited from being released from the debt. Moreover, Fabian's release was a direct detriment to Dykes; since Fabian was relieved of a debt to the bank, Dykes had to pay it. No reason appears to release Fabian from his statutory obligation to

794

the guarantor, Dykes.

Fabian suggests the equities are altered because Dykes was a director of the bank, but this does not prove Dykes knew about the release or that he intended to release Fabian from Fabian's statutory liability to him. Dykes' guarantee was as an individual, not as representative of the bank. Nor does the fact that Dykes received $5,000 to guarantee the loan change the equities or the law. This was consideration to guarantee the loan; it is not consideration to release Fabian from his liability to the guarantor.

The trial court's judgment was correct.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

### ON MOTION FOR RECONSIDERATION.

Fabian contends that under OCGA § 10-7-56 ("A surety who has paid the debt of his principal shall be subrogated . . . to all the rights of the creditor"), when the bank released him it retained no right on which Dykes can sue. This converse inference is not authorized by the statute. Moreover, subrogation by which a guarantor (see OCGA § 10-7-1) takes rights of the creditor is not the same thing as a guarantor's right to recoup payment of a debt from his principal under § 10-7-41. See *Erwin v. Brooke*, 159 Ga. 683, 685 (126 SE 777). Fabian contends his release was an impairment of risk which released the guarantor, under OCGA §§ 11-3-606 (1) (a) and 10-7-22; however those statutes address liability of a guarantor to a creditor, not the liability of a debtor to his guarantor. Further, citing *Hiers v. Exum*, 158 Ga. 19, 30 (122 SE 784), Fabian contends subrogation is never enforced in favor of a volunteer. This is not a subrogation claim, and *Hiers* is distinguished on its facts. The debt was in default, Dykes was not a party to the release, and the bank accepted payment from him.

The issue on appeal is solely that of recoupment of a debt which a guarantor paid without evidence of wrongdoing. OCGA § 10-7-41 gives him the right of recoupment as a matter of law without limitation and no evidence is cited to us which would authorize a contrary verdict. See *Frye v. Sims*, 144 Ga. 74 (3), (4) (86 SE 249).

*Motion for reconsideration denied.*

DECIDED AUGUST 22, 1994 —
RECONSIDERATION DENIED OCTOBER 6, 1994.

*Barrow, Sims, Morrow & Lee, R. Stephen Sims*, for appellant.
*Jones, Osteen, Jones & Arnold, G. Brinson Williams, Jr.*, for a

pellee.