## 27056.  SCOTT v. SCOTT.

NICHOLS, Justice. This appeal is from a judgment finding the appellant in contempt of court for failure to make certain alimony (child support) payments as required by a prior divorce decree. Attorney fees were awarded and the appellant was permitted to purge himself of such contempt by payment of the past due child support and the attorney fees within a stated period of time. Error is enumerated upon the judgment finding him in contempt of court as well as upon the award of attorney fees. *Held:*

1. The Act of 1947 (Ga. L. 1947, p. 292; *Code Ann.* § 30-219) provides: "In all cases wherein alimony has been awarded to any wife or to any children against any defendant in any suit for divorce, or for alimony without divorce, and the defendant shall have failed to pay alimony and he shall be cited for contempt before the court for having failed to make payment of such alimony, if upon the hearing of such proceedings it is found

that the husband has failed to pay the alimony awarded against him, either temporary or permanent, for no justifiable reason, the court shall award to the attorney for the wife or children or the wife and children in such proceedings a reasonable fee of not less than $25 against the defendant, to be enforced as any award of attorneys' fees may be enforced in any suit for divorce and alimony or for alimony alone." Under this provision of law the award of attorney fees was not error if the judgment finding the appellant in contempt of court was authorized.

2. In his brief filed in this court the appellant states: "Appellant here admits that he owes the money because this has been determined by the trier of fact, and he finds no fault with it. However, his failure to make these payments was not wilful but was, instead, based upon reasonable justification and a state of facts which were undeterminable by him.

"In essence, appellant contends that, at the time he failed to make the payments which form the basis of his citation for contempt, there was a bona fide dispute over the state of facts then existing. Had those facts been as appellant reasonably believed them to be, he would not have been required by the original decree to make any payments; thus, his failure to pay would have been no disobedience to the court decree. Under appellee's version of the facts, which was accepted by the trial court at the original hearing on the contempt citation, appellant was required to furnish certain payments for the support and education of his children during the months in question.

"The state of the facts during the months in question was decided, adversely to appellant, at the hearing on the contempt citation. Appellant does not now dispute the determination of those facts reached by the trial court. Appellant does not now dispute his liability for the payments which accrued during the period in question. Appellant completely accepts the determination of the trial court as to these matters.

"Appellant does, however, contend that he cannot now be held in contempt of court for his failure to make certain payments when, at the time he failed to make those payments there was a reasonable disagreement over the then existing state of facts, and, thus, over whether he was legally required to pay. . ."

In support of this contention, that he was not in contempt of court, the appellant cites decisions of the court exemplified by *Horton v. Horton* 222 Ga. 430 (150 SE2d 630), where the former husband was unable, because of illness, to earn funds to make the required payments and had no property with which to make the past due payments.

While the wilful disobedience of a court's decree or judgment is a necessary prerequisite to a contempt decree, yet where, as in the present case, a part of the dispute arose as a result of a disagreement between the parents and one of the children as to which college the child should attend and resulted in the refusal of the appellant to pay the child's college expenses as he was required to do by the divorce decree (the mother, who had custody of the children, not objecting to the college the child wanted to attend), the decision of the trial court holding the appellant father in contempt of court cannot be said to be without evidence to support it. Compare *Bateman v. Bateman,* 224 Ga. 20, 23 (159 SE2d 387), where it is held that the person having the custody of the children is entitled to determine the educational advantages the children should receive.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 13, 1972—DECIDED APRIL 6, 1972—
REHEARING DENIED APRIL 20, 1972.

*Jim Hudson,* for appellant.
*Eugene A. Epting,* for appellee.