27455.   HARRISON et al. v. HARRISON.

Mobley, Chief Justice. 1. This appeal is from the denial of a motion for new trial. The appellee has filed a motion to dismiss the appeal on the ground that there was no valid motion for new trial, and the appeal was not filed within 30 days from the date of judgment.

The motion for new trial was filed prior to the entry of the judgment on the verdict, and was premature and invalid. *Moore v. Moore,* 229 Ga. 600. No amendment could be filed to such void motion. If the amendment to the motion should be considered as a motion for new trial, it was filed long after the time allowed for filing the motion.

Although the motion for new trial was void, the appeal was filed within 30 days after the entry of the order finally disposing of the motion, and the appeal was timely filed under *Code Ann.* § 6-803 (Ga. L. 1965, pp. 18, 21; Ga. L. 1966, pp. 493, 496; Ga. L. 1968, pp. 1072, 1077). The motion to dismiss is denied.

2. Error is enumerated on the denial of the motion for new trial. Since the motion was void, there was no error in denying it.

3. The jury returned a verdict awarding property to the appellee as permanent alimony and setting aside a deed to this property from her husband to his sister.

On a former appearance of the case in this court (*Harrison v. Harrison*, 228 Ga. 126, 128 (184 SE2d 147)), we held that "the evidence entirely failed to show any knowledge on the part of the sister of the fraudulent intent of the husband to convey his property to defeat his wife's claim for alimony, or any circumstances indicating that she had grounds for reasonable suspicion of such intent." It is contended by the appellants in several of the enumerated errors that this deficiency in the evidence was not cured on the second trial. This contention is without merit, as the evidence showed that the husband retained possession of the property after conveying it to his sister and there was evidence in regard to the sister's conversations and actions in regard to reconveying the property to the husband which authorized the jury to infer that she had knowledge of his fraudulent intent at the time of the conveyance.

4. It is asserted that the court erred in overruling the objection to a question propounded to the husband concerning his compliance with a temporary order of the court. In this order, which was introduced in evidence, the husband was "restrained and enjoined from disposing of or changing the status of the property after recording the deed to said property back in his name." This order indicates that the sister had conveyed the property back to the husband. It was not error to allow counsel for the wife to question him about this order.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1972—DECIDED NOVEMBER 9, 1972.

*Harrison & Garner, G. Hughel Harrison,* for appellants.
*Glyndon C. Pruitt,* for appellee.