28112, 28113. PALMES v. PALMES; and vice versa.

NICHOLS, Justice. 1. " 'The parents themselves cannot by subsequent agreement nullify or modify the final decree so as to deprive the children of the alimony granted by the verdict and decree.' *Varble v. Hughes,* 205 Ga. 29, 32 (52 SE2d 303)." *Corriher v. McElroy,* 209 Ga. 885 (1) (76 SE2d 782). See also *Stewart v. Stewart,* 217 Ga. 509 (5) (123 SE2d 547), and citations.

2. Where a proceeding is filed by a nonresident of Georgia, former wife, to have her former husband held in contempt of court for failure to pay alimony and a petition for modification of the original alimony award is filed by the former husband, in the absence of a transcript, a single judgment in both proceedings which states: "The foregoing cases came on regularly for hearing and by consent of the parties and the counsels of the parties both cases were heard together by the court without the intervention of a jury, and after hearing evidence, it is ordered, adjudged and decreed as follows:" is not void because no valid service of process appears in the record in such case. Whether such judgment is voidable is not decided.

3. Since the award of alimony and child support was not broken down as to what part of such payments were for alimony and what part of such payments were for child support, the trial court did not err in excluding evidence of a purported settlement offer by the former wife which was never effectuated and in denying the former husband's motion for summary judgment upon a petition to modify the previously modified alimony decree. The case of *Herndon v. Herndon,* 227 Ga. 781 (183 SE2d 386), relied upon by the former husband related to an original agreement, pending divorce, and not an agreement to waive child support payments for the couple's child.

4. The evidence authorized the finding of the trial court as to the amount of past due alimony and child support payments that were due including the amount due as payment upon an insurance policy which the former husband had permitted to lapse.

5. Where as here the appellant has filed a supersedeas bond as required by the trial court and the contention is made, not that the trial court was without authority to require such a bond, but, the amount of the bond required was excessive, no reversible error is shown.

6. Assuming, but not deciding, that the judgment finding the

former husband in contempt of court was not demanded, yet it cannot be said that refusal to make the payments due under the prior valid judgment of the court was not wilful contempt so as to authorize the judgment, where no payment had been made for more than 16 months, nor was the award of attorney fees to the former wife error. See Ga. L. 1947, p. 292 (Code Ann. § 30-219). *Judgment affirmed on main appeal and on cross appeal. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1973 — DECIDED NOVEMBER 8, 1973.

*B. W. Crecelius,* for appellant.
*Glenville Haldi,* for appellee.