## 29784. GILLEN v. BOSTICK.

PER CURIAM.

This is an appeal from an order holding appellant in wilful contempt of court for failure to pay dental expenses pursuant to a child support order.

The child support order of October 9, 1973 required appellant "to pay any and all reasonable expenses of the three minor children of the parties provided that Faith M. (Gillen) Bostick [appellee] shall promptly notify said William Gillen [appellant] of any and all such reasonable medical expenses or associated expenses at the time said expenses are incurred." On December 17, 1973, a daughter of the parties began orthodontic treatments. The orthodontist had written appellant a letter, dated December 12, 1973, informing him of the required treatments and advising him that the total cost would be

$1,090 to be broken down into an initial payment of $250 plus monthly payments of $35 for 24 months. Appellant spoke with the orthodontist shortly before treatments were begun and said he could not pay on the account at that time but could begin payments "after the first of the year." In March, 1974, appellant's attorney sent the orthodontist a letter stating that appellee had not given appellant any notice whatsoever of the required dental work and that "due to his extreme financial condition, he is in no condition to pay at this time." In May, 1974, the orthodontist sent a statement to appellant's attorney advising him that appellant's account was $435 in arrears. Appellee testified that after having received numerous phone calls and collection notices from the orthodontist, she twice demanded that appellant make the payments but that he refused.

Thereafter, on September 24, 1974, appellee filed a petition for citation of contempt against appellant. The petition and order to show cause were served September 30, 1974. On September 23, 1974, one day before the petition was filed, appellant paid the orthodontist $300, but the account remained in arrears. On October 2, 1974, before entry of the final order, appellant paid an additional $400 which made up the arrearage and put the payments somewhat ahead of schedule. A stipulation of facts filed pursuant to Ga. L. 1965, pp. 18, 24 (Code Ann. § 6-805) shows that appellant had been found in wilful contempt on three prior occasions unrelated to payment of dental expenses.

After a hearing the trial court issued an order finding appellant "as of the date of filing and service of said Citation for Contempt in wilful contempt of this Court by virtue of having failed and refused to pay necessary dental expenses due . . ." The court ordered appellant to pay appellee attorney fees and costs of litigation.

Appellant contends that the trial court erred in finding that his failure to pay was wilful. He argues that no date was set for commencing payments and that he was financially unable to pay.

1. "It is the duty of this court upon its own motion to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such

jurisdiction." *McDowell v. McDowell,* 194 Ga. 88, 91 (20 SE2d 602). Accord, *Refuse v. Hogan,* 200 Ga. 817, 818 (38 SE2d 417); *Wood v. W. P. Brown &c. Lumber Co.,* 199 Ga. 167, 169 (33 SE2d 435). In the present case the trial court's order finding appellant in contempt was dated December 20, 1974, and the judgment was entered January 15, 1975. Appellant's notice of appeal was filed January 7, 1975, before entry of the judgment. Under prior decisions of this court a premature filing of a notice of appeal would be ineffective to vest jurisdiction of the appeal in this court. In *Herrington v. Herrington,* 230 Ga. 94 (195 SE2d 654), the reason for this rule was given as follows: "The time for filing a notice of appeal is, subject to exceptions not applicable here, 'within 30 days after entry of the appealable decision or judgment.' Code Ann. § 6-803 (a) [Ga. L. 1965, pp. 18, 21, as amended]. 'The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.' *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530); *Pittman v. State,* 229 Ga. 656 (193 SE2d 820)." See also *G. M. J. v. State of Ga.,* 130 Ga. App. 420 (5) (203 SE2d 608).

After careful consideration, however, this court now concludes that *Herrington v. Herrington,* supra, and other cases with similar holdings, including *Benton v. Smith,* 226 Ga. 722 (177 SE2d 230); *Gibson v. Hodges,* 221 Ga. 779 (2) (147 SE2d 329); *Luke v. Ellis,* 201 Ga. 482 (2) (40 SE2d 85), must be overruled. Section 23 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 40; Code Ann. § 6-905) provides that the "law shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to herein." In considering an issue identical to the one presented here, the Fifth Circuit Court of Appeals in Markham v. Holt, 369 F2d 940, stated: "This court has consistently adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of an appeal is challenged not because something was done too late, but rather because it was done too soon . . . The basic policy considerations underlying the limitation that a final

judgment is a prerequisite to appealability are the excessive inconvenience and costs occasioned by piecemeal review on the one hand, and the danger of denying justice by needless delay on the other . . . The purpose of requiring the filing of a timely notice of appeal is to advise the opposing party that an appeal is being taken from a specific judgment, and such notice should therefore contain sufficient information so as not to prejudice or mislead the appellee . . . The assumption of jurisdiction in the instant case, we are convinced, does not violate the spirit of the final-judgment rule nor the notice-of-appeal requirements. This circuit has long been committed to the rule that where, as in the instant case, it is obvious that the overriding intent was effectively to appeal, and no prejudice will result to the appellee, we are justified in treating the appeal as from a final judgment." (Cits. omitted.) The reasoning of that decision is persuasive, and it accords with the spirit of 9 Moore's Federal Practice 119, § 110.08[2] (1974): "There must be judgment and entry. But it must be remembered that the rule is designed to simplify and make certain the matter of appealability. It is not designed as a trap for the inexperienced . . . The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss." Cf. *Chambers v. Peacock Construction Co.,* 115 Ga. App. 670, 674 (155 SE2d 704), aff'd 223 Ga. 515 (156 SE2d 348).

Accordingly, this court has jurisdiction of the appeal.

2. The evidence adduced in this case fails to show that the trial court abused its discretion in finding appellant in wilful contempt of the child support order and in ordering him to pay attorney fees and costs of litigation. See *Fernandez v. Fernandez,* 232 Ga. 697 (1) (208 SE2d 498); *Palmes v. Palmes,* 231 Ga. 347 (6) (201 SE2d 413); *Scott v. Scott,* 229 Ga. 30 (189 SE2d 72).

3. Other than appellant's own assertions in December, 1973, and in March, 1974, that he was unable to make payments, there was no evidence to show his inability to comply with the child support order. The "burden is on one who fails and refuses to pay an award for alimony or child support and maintenance to show that he has in good faith exhausted all of the resources at his command and has made a diligent and bona fide effort to

comply with the decree awarding alimony or child support." *Fambrough v. Cannon,* 221 Ga. 289 (2) (144 SE2d 335).

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Undercofler, P. J., who dissent.*

SUBMITTED MARCH 28, 1975 — DECIDED APRIL 29, 1975.

*Walton Hardin,* for appellant.

*Alexander & Warns, Alan M. Alexander, Jr.,* for appellee.

NICHOLS, Chief Justice, dissenting.

I respectfully dissent from Division 1 of the majority opinion. Section 1(a)(1) of the Appellate Practice Act (Ga. L. 1965, p. 18; Code Ann. § 6-701(a)(1)) provides, with exceptions not applicable here, that an appeal may be taken "where the judgment is *final*—that is to say—where the cause is no longer pending in the court below." (Emphasis supplied.) Section 5 of the Act (Ga. L. 1965, pp. 18, 21; Code Ann. § 6-803(a)) provides that "A notice of appeal shall be filed within 30 days *after* entry of the appealable decision or judgment complained of . . . ." (Emphasis supplied.) The majority opinion would abrogate the clear language of these statutory provisions. Moreover, the majority opinion has the effect of judicially repealing Ga. L. 1965, pp. 18, 22 (Code Ann. § 6-1002) which provides that the notice of appeal shall serve as a supersedeas and that its filing divests the trial court of jurisdiction. See *Park v. Minton,* 229 Ga. 765 (4) (194 SE2d 465); *Jackson v. Martin,* 225 Ga. 170, 172 (167 SE2d 135). Under Code Ann. § 6-1002, the trial court would have been without jurisdiction to enter its judgment of January 15, 1975. The majority opinion hereby authorizes a notice of appeal to be filed with respect to a *non-final* judgment, *before* entry of any final judgment, and allows the trial court to *retain* jurisdiction of the case even after filing of the notice of appeal, all in contravention of the express language of the above statutory provisions.

I am authorized to state that Presiding Justice Undercofler concurs in this dissent.