30764. ANTHONY v. ANTHONY.

PER CURIAM.

This is a domestic relations case from Muscogee Superior Court in which a wife sought alimony from her husband. Although the complaint originally alleged the husband was a resident of the county, the sheriff was unable to perfect personal service on him. The wife amended her complaint to allege that her husband was concealing himself in Alabama and that a receiver should be appointed to take charge of the husband's property in Muscogee County to satisfy any judgment the wife might obtain in her alimony claim. The trial court ordered that the husband be served by publication and also appointed a receiver by an order entered August 27, 1975.

The husband, through his counsel, filed a plea to the jurisdiction of the court which asserted the husband was a resident of Alabama and urged the court to dismiss the action in Georgia. The husband also filed a separate motion to dismiss in which he attacked his wife's amended complaint as legally insufficient. This motion also asked the trial court to enter an order dismissing the August 27, 1975, order which appointed the receiver. However, no other defensive pleadings were filed by the husband. The plea to the jurisdiction and the motion to dismiss came on regularly to be heard and considered by the trial court.

On October 22, 1975, the trial court entered two separate orders, both dated October 21, 1975. The first order denied the husband's plea to the jurisdiction. The second order overruled the motion to dismiss. On November 13, 1975, the trial court heard evidence and on November 23, 1975, entered a final judgment which awarded title to the husband's Muscogee County property to the wife as alimony.

The husband has appealed to this court. His notice of appeal was dated and filed November 21, 1975. The notice of appeal recites that it is "from the Order denying the Defendant's Plea to Jurisdiction, dated the 21st day of October, 1975, and entered on October 22, 1975." It also states that no transcript of evidence will be filed "as no evidence was taken at the hearing on the cause." The notice of appeal makes no reference to the order dated October 21, 1975, which overruled the husband's motion to dismiss (in which he sought dismissal of the receiver) or to the final judgment dated November 13, 1975, which was filed on November 23, 1975.

Under the record in this case, we have an appeal only from the trial court's order "denying the Defendant's [husband] Plea to Jurisdiction." This was an interlocutory order and it is not appealable without a certificate of immediate review. See Code Ann. § 6-701 (a) 2 (A) and (B). Therefore, the appellee wife's motion to dismiss the appeal must be granted.

*Appeal dismissed. All the Justices concur, except Hill, J., who concurs in the judgment only and Jordan and Hall, JJ., who dissent.*

ARGUED FEBRUARY 9, 1976 — DECIDED FEBRUARY 24, 1976 — REHEARING DENIED MARCH 12, 1976.

*Araguel & Sanders, Jerry D. Sanders,* for appellant.
*Hirsch, Beil & Partin, Milton Hirsch,* for appellee.

GUNTER, Justice, concurring.

I deem it appropriate to state my reasons for concurring in the majority opinion and the judgment.

This was an alimony action against a non-resident

defendant; personal service was not obtained, and the defendant-appellant did not voluntarily submit to the jurisdiction of the court; on application of the plaintiff the court appointed a receiver to take charge of properties owned by the defendant which were within the jurisdiction of the court; notice of the pendency of the alimony action was given by publication once a week for four weeks; on September 26, 1975, the non-resident defendant, through his attorney, filed a plea to the jurisdiction of the court "prior to filing any other pleadings, and prior to submitting to the jurisdiction of this court"; and by judgment entered October 22, 1975, the trial court overruled the non-resident defendant's plea to the jurisdiction.

On the 21st day of November, 1975, the last day for filing a notice of appeal, the non-resident defendant, again through his attorney, filed a notice of appeal "from the Order denying the Defendant's Plea to Jurisdiction, dated the 21st day of October, 1975, and entered on October 22, 1975. The Clerk will please not omit any documents from the record on appeal. A transcript of evidence will not be filed for inclusion in the record on appeal as no evidence was taken at the hearing on the cause."

Two days later, on November 23, 1975, the trial judge, after hearing evidence from the plaintiff and the receiver, entered a final judgment in the case awarding alimony to the plaintiff. The non-resident defendant made no appearance, the trial judge ruled that the court had no personal jurisdiction over him, but held that it did have in rem jurisdiction with respect to the defendant's properties located within the jurisdiction of the court. The trial court's forty-two page final judgment concluded: "This court makes no adjudication relative to any further rights of the plaintiff to additional alimony from the defendant since this court's jurisdiction is limited to the property of the defendant in the jurisdiction of the court."

So far as I can discern from this record, the defendant never submitted himself to the jurisdiction of the court, and the court, admittedly, never acquired personal jurisdiction over the non-resident defendant.

A notice of appeal from the final judgment was not

filed. Had one been filed, it is my view that the non-resident defendant would have submitted himself to the jurisdiction of the court by filing the same with the Clerk of Court of Muscogee County. One cannot complain of an in rem judgment rendered against his property without submitting himself personally to the jurisdiction of the court.

It seems to me that the non-resident defendant in this case cannot have his cake and eat it too. He would not submit to the jurisdiction of the trial court, but he wants to complain in the Supreme Court of Georgia of a final in rem judgment rendered against his property located within the jurisdiction of the trial court.

I do not think that two enumerated errors complaining of the final judgment and filed in the Supreme Court on December 29, 1975, can give him standing to complain of the final judgment rendered against his property in the trial court.

I do not view this appeal as a "technical error appeal" that should be reviewed on its merits. Since the defendant never submitted himself to the jurisdiction of the trial court, he has no standing to seek review of its in rem judgment in an appellate court of this state.

From what I have said it should be apparent that I do not think that the dismissal of the appeal in this case is in any way in conflict with our recent decision in *Gillen v. Bostick,* 234 Ga. 308 (215 SE2d 676) (1975). I regret that two of our dissenting brothers think that I have exalted form above substance, because I, of course, think that I have exalted substance over form.

I join the majority opinion and the judgment of dismissal.

I am authorized to state that Justice Ingram joins in this concurring opinion.

HALL, Justice, dissenting.

The author of the majority opinion and the three justices who concur in it treat this case as an interlocutory appeal even though there is a final judgment in the record. Since this appeal is dismissed, no appeal from the final judgment can ever be made. The notice of appeal is dated November 21, 1975, and the final judgment was

entered on November 23, 1975. Two of the seven enumerations of error deal with the final judgment.

In my opinion, the dismissal is hypertechnical and is squarely in conflict with a very recent decision of this Court, *Gillen v. Bostick,* 234 Ga. 308 (215 SE2d 676) (1975). That case, exactly like this one, involved a notice of appeal filed prior to entry of the judgment, and we specifically rejected the argument that such notice was ineffective to vest jurisdiction in this court. We held that "After careful consideration, however, this court now concludes that *Herrington v. Herrington,* supra, and other cases with similar holdings, including *Benton v. Smith,* 226 Ga. 722 (177 SE2d 230); *Gibson v. Hodges,* 221 Ga. 779 (2) (147 SE2d 329); *Luke v. Ellis,* 201 Ga. 482 (2) (40 SE2d 85), must be overruled. Section 23 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 40; Code Ann. § 6-905) provides that the 'law shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to herein.' In considering an issue identical to the one presented here, the Fifth Circuit Court of Appeals in Markham v. Holt, 369 F2d 940, stated: 'This court has consistently adhered to the policy of exercising all proper means to prevent the loss of valuable rights when the validity of an appeal is challenged not because something was done too late, but rather that it was done too soon . . . The basic policy considerations underlying the limitation that a final judgment is a prerequisite to appealability are the excessive inconvenience and costs occasioned by piecemeal review on the one hand, and the danger of denying justice by needless delay on the other . . . The purpose of requiring the filing of a timely notice of appeal is to advise the opposing party that an appeal is being taken from a specific judgment, and such notice should therefore contain sufficient information so as not to prejudice or mislead the appellee . . . The assumption of jurisdiction in the instant case, we are convinced, does not violate the spirit of the final-judgment rule nor the notice-of-appeal requirements. This circuit has long been committed to the rule that where, as in the instant case, it is obvious that

the overriding intent was effectively to appeal, and no prejudice will result to the appellee, we are justified in treating the appeal as from a final judgment.' (Cits. omitted.) The reasoning of that decision is persuasive, and it accords with the spirit of 9 Moore's Federal Practice 119, § 110.08[2] (1974): 'There must be judgment and entry. But it must be remembered that the rule is designed to simplify and make certain the matter of appealability. It is not designed as a trap for the inexperienced . . . The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss.' Cf. *Chambers v. Peacock Construction Co.,* 115 Ga. App. 670, 674 (155 SE2d 704), affd. 223 Ga. 515 (156 SE2d 348). Accordingly, this court has jurisdiction of the appeal." 234 Ga. 310.

It should also be noted that the 1965 Appellate Practice Act says: "Where it is apparent from the notice of appeal, the record, the enumerations of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." Code Ann. § 6-809 (d). If the appellate court finds some amendable error in the notice of appeal, the 1972 amendment to the Act provides that "If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it." Code Ann. § 6-809 (b).

The four majority justices have exalted form above substance in dismissing this appeal and forever barring the appellant from any review of the judgment in the trial court. "Judges march at times to pitiless conclusions under the prod of a remorseless logic which is supposed to leave them no alternative. They deplore the sacrificial rite. They perform it, none the less, with averted gaze, convinced as they plunge the knife that they obey the bidding of their office. The victim is offered up to the gods of jurisprudence on the altar of regularity." Cardozo, Growth of the Law, 66.

I am authorized to state that Justice Jordan concurs in this dissent.

ON MOTION FOR REHEARING.

PER CURIAM.

In a motion for rehearing, appellant argues that we have overlooked the provisions of Code Ann. § 6-701 (b) that say when an appeal is taken under § 6-701 (a) "all judgments, rulings or orders rendered in the case which are raised on appeal, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, . . ."

This section has not been overlooked in this case because a review of the "judgments, rulings or orders" provided by § (b) is dependent upon a proper appeal first being taken under § 6-701 (a) (1) or (2). In plain terms, the provisions of Code Ann. § 6-701 (b) begin with the sentence, that "[w]here an appeal is taken under any provision of paragraph (a)," the other judgments, rulings and orders in the case will be reviewed and determined on appeal.

The present appeal has to be dismissed because no proper appeal was taken under Code Ann. § 6-701 (a) (1) or (2) and, therefore, we cannot reach the other judgments, rulings and orders of the trial court in this case.

*The motion for rehearing must be denied. All the Justices concur, except Jordan and Hall, JJ., who dissent.*