## 52684. PARIS v. CITIZENS & SOUTHERN NATIONAL BANK.

QUILLIAN, Judge.

Appeal was taken from an order entered prior to the voluntary dismissal by appellee (plaintiff below) of its case. *Held:*

From the original record it appeared that appellant (defendant below) filed a counterclaim which was still pending. By supplemental record we have been apprised that defendant's counterclaim was dismissed September 28, 1976 nunc pro tunc September 5, 1975. However, this would not validate the instant appeal which was premature at the time it was taken and when it was docketed in this court on June 15, 1976. See *G. M. J. v. State of Ga.,* 130 Ga. App. 420 (1, 3, 5) (203 SE2d 608).

In the *G. M. J.* case, supra, the notice of appeal was filed on January 10, 1973, taken from a judgment on December 11, 1972. The trial judge had attempted to reduce the judgment to writing on October 4, 1973 nunc pro tunc December 11, 1973. This court held: " 'What the judge orally declares is no judgment until it has been put in writing and entered as such. In the absence of a judgment in writing no question for decision is presented to the appellate court. [Cits.]' *Olivet v. State,* 117 Ga. App. 860 (1) (162 SE2d 306). Here there was no judgment in writing until October 4, 1973; hence none at the time the notice of appeal was filed."

In the case sub judice there was no judgment in writing entered until September 28, 1976, after the appeal was argued before this court.

This case is controlled by *Anthony v. Anthony,* 236 Ga. 508 (224 SE2d 349), which in effect distinguished and limited *Gillen v. Bostick,* 234 Ga. 308 (215 SE2d 676). *Anthony* held that even though there was a final judgment entered after the appeal, the appeal itself was premature since it was taken from an interlocutory order which was not appealable without compliance with Code Ann. § 6-701 (a) 2 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758). In the case sub judice, as in *Anthony,* the notice of appeal does not refer to the final judgment (here the dismissal of the counterclaim, finally ter-

minating the case). Furthermore, the only judgment to which reference was made was entered more than 30 days prior to the notice of appeal.

Where as here, the cause was still pending below and the appellant did not follow the procedure required by Code Ann. § 6-701 (a) 2, the appeal was premature.

*Appeal dismissed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 15, 1976 — DECIDED OCTOBER 22, 1976 — REHEARING DENIED NOVEMBER 12, 1976.

*Arthur P. Tranakos, Frank Shannon,* for appellant.
*McClain, Mellen, Bowling & Hickman, Richard G. Murphy, Jr., A. O. Bracey, III, Robert E. Sigal,* for appellee.