## 58909. WALL v. CITIZENS & SOUTHERN BANK OF HOUSTON COUNTY.

McMURRAY, Presiding Judge.

This is the second appearance of this suit on a note before this court (see *Wall v. Citizens & Southern Bank,* 145 Ga. App. 76 (243 SE2d 271)).

Since the last appeal this case has returned to the trial court where at the close of all the evidence the trial court directed a verdict in favor of the plaintiff and against the defendant on January 29, 1979. But no judgment followed as to the directed verdict. Defendant filed his motion for judgment notwithstanding the verdict or for a new trial on March 1, 1979. This motion was denied on July 9, 1979. On August 7, 1979, defendant filed his notice of appeal from the order which denied his motion for judgment notwithstanding the verdict or a new trial. On October 31, 1979, the date on which this case was scheduled and called for argument before this court, *a final judgment was entered and filed in the trial court in this case nunc pro tunc to January 30, 1979.* This nunc pro tunc judgment was filed in this court on November 2, 1979. *Held:*

1. The notice of appeal is sufficient to advise the opposing party that an appeal is being taken *from a specific judgment,* and the notice contained sufficient information so as not to prejudice or mislead the appellee. Under these circumstances we would have jurisdiction to consider the merits of this appeal. See *Gillen v. Bostick,* 234 Ga. 308, 310-311 (1) (215 SE2d 676); *Kenerly v. Yancey,* 144 Ga. App. 295, 296 (1) (241 SE2d 28). The appeal before us is from the trial court's order denying the defendant's motion for judgment notwithstanding the verdict or a new trial in which there was no judgment following the verdict. See *Dodson v. Dodson,* 231 Ga. 789 (1) (204 SE2d 109); *Harrison v. Harrison,* 229 Ga. 692 (194 SE2d 87). One

may not file a motion for new trial prior to entry of the judgment on the verdict. A motion for judgment notwithstanding the verdict likewise must be filed "[n]ot later than 30 days after entry of judgment." Code Ann. § 81A-150 (b) (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248). The trial court did not enter a judgment even though an order directing the verdict, having the effect of a verdict of the jury, was issued. Code Ann. § 81A-150 (a) supra. Compare *Anthony v. Anthony,* 236 Ga. 508, 509 (224 SE2d 349) and p. 514 wherein the case was further considered on motion for rehearing. In that case the Supreme Court held that there was no proper appeal and dismissed it.

2. A motion for judgment notwithstanding the verdict or for a new trial filed prior to entry of the judgment on the verdict is void. Hence, there was no error on the part of the trial court in denying the motion for judgment notwithstanding the verdict or for a new trial. *Harrison v. Harrison,* 229 Ga. 692 (1, 2), supra.

3. Applying the rule set forth in *Gillen v. Bostick,* 234 Ga. 308, supra, if the trial court would be allowed to file a nunc pro tunc judgment after appeal so as to follow the verdict that was directed and make the judgment effective January 30, 1979, some six months prior to the date the notice of appeal was filed; that is, if we deem the lower court had such authority, after the case was docketed in this court, to enter a nunc pro tunc order, dated October 31, 1979, this would amount to a trap for the appellant (defendant) resulting in the loss of his ultimate right of appeal as to that late filed judgment. Rather, such order filed and made effective nunc pro tunc is a nullity and does not require this court to consider it, as the lower court lost jurisdiction of this case on appeal. See *Allied Productions, Inc. v. Peterson,* 233·Ga. 266, 267 (211 SE2d 123); *Park v. Minton,* 229 Ga. 765, 766 (4) (194 SE2d 465); *Walker v. Walker,* 239 Ga. 175, 176 (236 SE2d 263); *Aetna Cas. &c. Co. v. Bullington,* 227 Ga. 485 (1) (181 SE2d 495); *G.M.J. v. State of Ga.,* 130 Ga. App. 420, 422 (3) (203 SE2d 608); *Jackson v. Martin,* 225 Ga. 170, 172 (167 SE2d 135); *Philips Broadcast Equip. Corp. v. Production 70's, Inc.,* 133 Ga. App. 765, 766 (1) (213 SE2d 35). Compare *Holleman v. Holleman,* 69 Ga. 676 and *Swindle v. Swindle,* 221 Ga.

760 (5), 763 (147 SE2d 307) (both involving temporary alimony); *Thomas v. Home Credit Co.,* 133 Ga. App. 602, 604 (1) (211 SE2d 626) (payment of costs and opening default before remittitur returns to lower court); *Shepherd v. Shepherd,* 233 Ga. 228, 232 (210 SE2d 731) (revision of temporary alimony still in breast of lower court pending appeal).

4. In considering the other enumerations of error, the defendant in arguing his case by brief has not followed the proper sequence of his enumerations of error. Indeed he has combined certain of the alleged errors in the same enumeration and has jointly argued various alleged errors in the brief and not in sequence. We have endeavored to consider the various enumerations so as to rule on every enumeration argued. We proceed to consideration of all other enumerations of error.

As a basis for a reversal of the directed verdict in favor of plaintiff, defendant contends that "[a]ll actions upon promissory notes . . . shall be brought within six years after the same shall have become due and payable." Code § 3-705. The note in question is not under seal. The note in this case is dated July 2, 1970, and contemplated that the last payment under the note would be made on July 15, 1971, or less than six years prior to September 28, 1976, the date on which this action was initiated. The statute of limitation as to all payments under the entire contract does not begin to run until after the date the last payment becomes due. *Glass v. Grant,* 46 Ga. App. 327, 328 (2) (167 SE 727); *Slaten v. College Park Cemetery Co.,* 54 Ga. App. 451 (2) (188 SE 257). Defendant's testimony was that he made no payments on the note whatsoever resulting in demands for payment of the entire amount of the note being made by plaintiff prior to September 28, 1970. In other words, defendant contends that plaintiff accelerated the note so that all payments under the note were due and payable more than six years prior to the initiation of this action. 54 CJS 92, Limitations of Actions, § 150, sets forth the general rule that ". . . if the creditor elects to exercise his option [to accelerate the maturity of the debt] the statute of limitation begins to run from the time of such election, . . ." Compare *Slaten v. College Park Cemetery Co.,* 54 Ga. App. 451, supra, in which no election to accelerate

was made.

Acceleration of the note is denied by plaintiff. Plaintiff contends that this factual dispute was determined in the previous appeal to this court when, in an opinion by Judge Webb, this court stated that "[t]he bank had taken no action to collect or accelerate the balance due until the instant suit was filed . . ." *Wall v. Citizens & Southern Bank,* 145 Ga. App. 76, supra.

Plaintiff's argument is without merit, however, as the evidence at trial differs substantially from that on the motion for summary judgment reviewed on the prior appeal. Therefore, the quoted language from the decision on that appeal is not res judicata. *Davis v. Wight,* 207 Ga. 590 (1) (63 SE2d 405); *Williams v. Rentz Banking Co.,* 114 Ga. App. 778, 781-782 (152 SE2d 825). Accordingly, an issue of material fact remains as to whether the note was accelerated more than six years prior to the initiation of this lawsuit. The trial court erred in directing the verdict in favor of the plaintiff.

5. The contention that the note in question had been assigned to "Financial Collection Agencies" presents no defense where, as here, plaintiff is the holder of the note and none of the provisions of Code Ann. § 109A-3—603 (Ga. L. 1962, pp. 157, 277) prevent recovery. Code Ann. § 109A-3—301 (Ga. L. 1962, pp. 156, 252). See also in this regard *Tidwell v. Bank of Tifton,* 115 Ga. App. 555, 556 (1) (155 SE2d 451). There is no merit in defendant's enumeration of error No. 3 as to the alleged assignment of the note.

6. Although there is evidence that the note was executed by defendant to satisfy a deficiency remaining after the sale of collateral securing a prior obligation, this suit is not on that prior obligation. There is no evidence of the sale of any collateral securing the note in question. Therefore, Code Ann. § 109A-9—504 (3) (Ga. L. 1978, pp. 1081, 1130) which deals with notification to the debtor of the time and place of sales of collateral is not relevant to this action. The trial court did not err in failing to direct the verdict in favor of the defendant.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

Submitted October 31, 1979 — Decided January 9, 1980.

*Thomas Hylmon Wall, III,* for appellant.
*Pamela M. Richards,* for appellee.