### 60302. LAWLER et al. v. GEORGIA MUTUAL INSURANCE COMPANY.

MCMURRAY, Presiding Judge.

This case involves an action on an insurance policy in which the plaintiffs contend that the defendant insurance company failed to properly defend a lawsuit brought against plaintiffs and defendant failed to accept an offer of compromise.

On *October 5, 1979,* in response to a motion to dismiss, the trial court dismissed the action, stating in its order that an allegation of failure to compromise does not state a claim for breach of a contract of insurance.

On *October 15, 1979,* the plaintiffs filed a motion for reconsideration of this order granting the defendant's motion to dismiss. On *January 3, 1980,* this motion was denied, and plaintiffs appeal. *Held:*

1. The notice of appeal was filed within 30 days of the denial of the motion for reconsideration. Hence the case is properly before this court for review. However, the judgment of dismissal on October 5, 1979, was final and binding on the parties within 30 days of rendition unless properly appealed; that is, by filing a direct appeal within 30 days after entry of the appealable decision or judgment complained of or filing a motion for new trial, a motion in arrest of judgment or a motion for judgment notwithstanding the verdict. See *Ellis v. Continental Ins. Co.,* 141 Ga. App. 809 (234 SE2d 377). Here the court did not use the language "dismissed," or "the petition is dismissed," but merely "Defendant's motion to dismiss is hereby granted." This was a final judgment within the meaning of Code Ann. § 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758; 1979, pp. 619,

620). See *Stallings v. Chance,* 239 Ga. 567 (238 SE2d 327); *Trump v. Scott Exterminating Co.,* 138 Ga. App. 866 (227 SE2d 859). "No issue was left pending for decision." *Stallings v. Chance,* 239 Ga. 567, supra, at page 568.

This court also held in *Shannon Co. v. Heneveld,* 135 Ga. App. 252, 253 (2) (217 SE2d 424) that a motion to vacate and set aside a final judgment is not a motion included among those motions enumerated in Code Ann. § 6-803 (Ga. L. 1965, pp. 18, 21; 1966, pp. 493, 496; 1968, pp. 1072, 1077) which automatically extends the filing date of a notice of appeal to "within 30 days after the entry of the order granting, overruling or otherwise finally disposing of the motion." In both *Ellis* and *Shannon* above this court dismissed the appeal. In the case of *Ellis v. Continental Ins. Co.,* 141 Ga. App. 809, supra, this court specifically held that a motion for reconsideration was not one of the statutory motions which would extend the time for filing a notice of appeal, citing *Groenendijk v. Groenendijk,* 226 Ga. 800 (177 SE2d 686). These cases hold that the appeal should be dismissed where no proper statutory motion for extending the time of filing of a notice of appeal has been made. But in *Shannon Co. v. Heneveld,* 235 Ga. 635 (221 SE2d 200), our decision in *Shannon Co. v. Heneveld,* 135 Ga. App. 252, supra, was reversed in holding a denial of a motion to set aside a default judgment was not an appealable judgment. Several recent decisions of the Supreme Court also hold that if the notice of appeal is sufficient to advise the opposing party that an appeal is being taken from a specific judgment and filed within 30 days after entry of the judgment the appellate courts would have jurisdiction to consider the merits of the appeal and should not dismiss it. See *Harrison v. Harrison,* 229 Ga. 692 (1) (194 SE2d 87); *Gillen v. Bostick,* 234 Ga. 308, 311 (1) (215 SE2d 676). See also *Wall v. C. & S. Bank,* 153 Ga. App. 29, 30 (3) (264 SE2d 523).

2. Consequently, considering the facts here that no notice of appeal was filed within 30 days of the final judgment dismissing this action, and the notice of appeal was thereafter filed some three months later, after the final judgment, the appeal comes too late. See *Ellis v. Continental Ins. Co.,* 141 Ga. App. 809, supra; *Anthony v. Anthony,* 236 Ga. 508, 509 (224 SE2d 349). But reviewing the order here appealed from, the notice of appeal having been filed within 30 days in a case where there already was a final and binding judgment rendering the later order a nullity, there is no merit in the enumeration of error seeking again to raise an issue already rendered final and binding by the judgment of October 5, 1979, unappealed. The motion for reconsideration does not amount to a motion to set aside which may be brought within 3 years of entry of the judgment complained of. Code § 3-702; Code Ann. § 81A-160 (Ga. L. 1966, pp.

609, 622; 1967, pp. 226, 239, 240; 1974, p. 1138).

*Judgment affirmed. Banke, J., concurs, Smith, J., concurs specially.*

Argued July 2, 1980 — Decided October 28, 1980.

*Richard L. Powell, Michael J. Kramer,* for appellants.
*Sherman C. Fraser,* for appellee.

Smith, Judge, concurring specially.

Appellant brought an action against appellee insurance company, alleging that appellee failed to defend a lawsuit brought against appellants and failed to accept an offer of compromise. On October 5, 1979, the trial court granted appellee's motion to dismiss for failure to state a claim upon which relief can be granted. The trial court's order states: "Plaintiffs bring this suit for breach of contract, alleging that Defendant failed to properly defend a lawsuit brought against them in that Defendant failed to accept an offer of compromise.

"The Court finds that an allegation of failure to compromise does not state a claim for breach of a contract of insurance, *U. S. Fidelity and Casualty Co. of New York v. C.E.B.M. Ltd.,* 115 Ga. App. 92.

"For this reason, Defendant's Motion to Dismiss is hereby granted." On October 15, 1979, appellants filed a motion for reconsideration. The motion was denied on January 3, 1980. Several days thereafter, appellants filed a notice of appeal.

Although the reasoning of the trial court in the order granting appellee's motion to dismiss is inadequate on its face, the order disposed of the entire action and was therefore a final, appealable judgment within the meaning of Ga. L. 1965, p. 18, as amended (Code Ann. § 6-701 (a) (1)). "The filing of a motion to rehear or reconsider an otherwise appealable judgment does not extend the time for filing a notice of appeal. *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241); *Groenendijk v. Groenendijk,* 226 Ga. 800 (177 SE2d 686); *Johnson v. Barnes,* 237 Ga. 502, 503 (229 SE2d 70). Thus, the failure to file a notice of appeal within the statutory period after entry of the judgment of [October 5, 1979], mandates a dismissal of the appeal. *Ellis v. Continental Ins. Co.,* 141 Ga. App. 809 (234 SE2d 377)." *Browning v. Europa Hair, Inc.,* 150 Ga. App. 480, 481 (258 SE2d 234) (1979).

"This court is without jurisdiction to review the judgment entered below because of appellant's failure to perfect its appeal

pursuant to the Appellate Practice Act." *Lewis & Sheron Enterprises v. Great A & P Tea Co.,* 136 Ga. App. 910, 911 (222 SE2d 659) (1975); *Fong's, Inc. v. Levy,* 143 Ga. App. 327 (238 SE2d 287) (1977). Since the court is without jurisdiction to decide this appeal, I do not believe we are authorized to enter a judgment of affirmance. In my view, the appeal should be dismissed.