### 37017. WALL v. CITIZENS & SOUTHERN BANK OF HOUSTON COUNTY.

Undercofler, Justice.

Thomas Hylmon Wall III, appeals after denial of his motion for judgment notwithstanding the verdict or for a new trial.

Previous appearances of this suit on a note have been in the Court of Appeals. *Wall v. C. & S. Bank,* 145 Ga. App. 76 (243 SE2d 271) (1978); *Wall v. C. & S. Bank,* 153 Ga. App. 29 (264 SE2d 523) (1980). The present appeal comes to this court because of a challenge to the constitutionality of the law providing for preparation of a transcript of proceedings in the absence of a court reporter's transcript,[1] and another constitutional challenge directed to the law providing for panels of six jurors in civil cases for damages in amounts less than $5,000 exclusive of interest and costs.[2]

1. The first three enumerations of error present Wall's contention that the statute of limitations ran on the bank's claim on the note. We agree with the Court of Appeals that the note gives the bank an election to accelerate maturity of the debt; that if maturity

---

[1] Code Ann. § 6-805 (g)(i).
[2] Code Ann. §§ 59-703 and 59-704.

was in fact accelerated, the statute of limitations began to run from the time of the election to accelerate rather than on the date the last installment was due; and that the question for the jury was one of whether or not the bank had accelerated maturity. *Wall v. C. & S. Bank,* supra at p. 31 (4). The jury found for the bank on the note. The proceedings below neither were reported nor was a transcript prepared and approved in an alternative manner. Code Ann. § 6-805. The cases relied upon by Wall, exemplified by *Mobley v. Murray County,* 178 Ga. 388 (1) (173 SE 680) (1933), which hold, essentially, that the statute of limitations begins running from the date on which suit first could have been filed, are inapplicable to a suit on an installment note when the bank does not elect to accelerate maturity of the debt. *Wall,* supra, 145 Ga. App. at p. 76, and 153 Ga. App. at p. 31. To rule otherwise would be to require a holder of an installment note containing an election to accelerate the debt to sue when an installment is in default. *Glass v. Grant,* 46 Ga. App. 327, 328 (2) (167 SE 727) (1932). No other error that can be reached without a transcript of proceedings is illustrated by the first three enumerations of error.[3]

2. The affidavit, deposition and oral testimony provisions of Code Ann. § 81A-143 (b), pertaining to the hearing of motions based on facts not appearing of record, cannot be used to cure the absence of a transcript of proceedings for post-trial motions or for appellate review. Code Ann. § 6-805.

3. The provisions of Code Ann. § 6-805 (g)(i), relating to the preparation of a transcript of proceedings from recollection or by stipulation, do not deny due process of the law. Neither does the six person limitation for petit juries in civil actions seeking recoveries of less than $5,000 exclusive of interest and costs[4] deny equal protection of the laws. See *McSears v. State,* 247 Ga. 48 (273 SE2d 847) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 11, 1981 —
REHEARING DENIED MARCH 3, 1981.

*Thomas Hylmon Wall III,* for appellant.

---

[3] The enumeration of error relating to the adverse presumption of Code Ann. § 38-119 arising from failure to introduce evidence cannot be reached for lack of a transcript.

[4] Code Ann. §§ 59-703 and 59-704.

*Pamela M. Richards,* for appellee.