## 66351. BECKER et al. v. FAIRMAN.

BANKE, Judge.

The plaintiff, Fairman, brought this action on a promissory note jointly against Bernie Becker and his wife, seeking $5,000 in principal and $5,369.55 interest, plus attorney fees. According to a syllabus of events in the court's order, the complaint was filed on February 16, 1982. (The copy of the complaint in the record before us shows no filing date.) Service upon the Beckers was made on March 15, 1982. The defendants' answers were not filed until April 20, 1982, and defendants concede that costs were not tendered at that time, as required by OCGA § 9-11-55 (former Code Ann. § 81A-155). On May 12, 1982, the plaintiff moved for dismissal of the answers and for judgment in his favor based on former Code Ann. § 81A-155 (OCGA § 9-11-55). Defendants subsequently tendered payment of costs to the clerk of the court on May 20, 1982.

On June 14, 1982, the plaintiff moved for partial summary judgment with respect to defendants' second and seventh defenses of

failure to state a claim and failure of consideration. In an order dated July 15, 1982, the trial court indicated that defendants had moved to open the default and proceeded to deny that motion. In this same order, the court also granted the plaintiff's motion for partial summary judgment. On July 23, 1982, the defendants moved for reconsideration of the trial court's order of July 15, 1982, and this motion was denied on October 22, 1982. This appeal followed. *Held:*

1. The plaintiff's motion to dismiss the appeal is granted. Notwithstanding the defendants' argument to the contrary, it is clear that the only appealable order of record is the order of July 15, 1982, granting partial summary judgment to the plaintiff. See generally OCGA § 9-11-56 (h) (Code Ann. § 81A-156); *Shannon Co. v. Heneveld,* 235 Ga. 635 (221 SE2d 200) (1975). The appeal was not filed within 30 days from this order, however, but was filed subsequent to the denial of a motion for reconsideration of this order several months later. It has repeatedly been held that, unlike a motion for new trial, motion in arrest of judgment, or motion for judgment not withstanding the verdict, a motion for reconsideration does not extend the time for filing a notice of appeal. See OCGA § 5-6-38 (Code Ann. § 6-803); *Ellis v. Continental Ins. Co.,* 141 Ga. App. 809 (234 SE2d 377) (1977). To the extent that our holding in *Lawler v. Ga. Mut. Ins. Co.,* 156 Ga. App. 265 (276 SE2d 646) (1980), may suggest that we have jurisdiction to reach the merits of a case such as this, and thus to affirm the judgment of the trial court rather than dismissing the appeal, it is expressly overruled. *Lawler* itself emphasizes that "a motion for reconsideration [is] not one of the statutory motions which . . . extend the time for filing a notice of appeal . . . *Groenendijk v. Groenendijk,* 226 Ga. 800 (177 SE2d 686)." *Lawler,* 266. None of the decisions cited in *Lawler* are authority for reaching the merits of an appeal from the denial of a motion for reconsideration. In *Harrison v. Harrison,* 229 Ga. 692 (1) (194 SE2d 87) (1972), the appeal was filed within 30 days of an order disposing of a motion for new trial. In *Gillen v. Bostick,* 234 Ga. 308 (1) (215 SE2d 676) (1975), and *Wall v. C & S Bank of Houston County,* 153 Ga. App. 29 (3) (264 SE2d 523) (1980), the appeals were filed too soon rather than too late. Thus, we lack jurisdiction to entertain the appeal.

2. In returning the case to the trial court, we note that its order of July 15, 1982, is confusing and inconsistent. While it grants partial summary judgment to the plaintiff concerning two defenses, it also purports to deny defendants' motion to open the default, albeit without entering a monetary judgment based on the default. It is apparent that the trial court denied the motion to open the default based on the absence of a showing of providential cause or excusable neglect, but these are not the exclusive grounds on which a default

may be opened. A default may also be opened "where the judge, from all the facts, shall determine that a proper case has been made . . ." OCGA § 9-11-55 (b) (Code Ann. § 81A-155). The statute "conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, 'where the judge from all the facts shall determine that a proper case has been made . . .' " *Brawner v. Maddox,* 1 Ga. App. 332, 337 (58 SE 278) (1907); *Axelroad v. Preston,* 232 Ga. 836 (209 SE2d 178) (1974). Accord *Copeland v. Carter,* 247 Ga. 542 (277 SE2d 500) (1981). Were we able to reach this appeal, the failure of the trial court to recognize and exercise its discretion in this regard would require reversal. See *Williams v. C & S Nat. Bank,* 142 Ga. App. 346 (4) (236 SE2d 16) (1977).

3. Since we have dismissed the appeal rather than affirming the judgment, plaintiff's motion for assessment of damages for delay must be denied. See generally OCGA § 5-6-6 (Code Ann. § 6-1801); *Jones v. Poole,* 5 Ga. App. 113 (62 SE 711) (1908).

*Appeal dismissed. Shulman, C. J., Deen, P. J., Birdsong, Carley, Sognier and Pope, JJ., concur. Quillian, P. J., and McMurray, P. J., concur in part and dissent in part.*

DECIDED SEPTEMBER 6, 1983.

*David B. Dermer,* for appellants.
*Tony Center,* for appellee.

McMURRAY, Presiding Judge, concurring in part, dissenting in part.

Although I agree with the holding of the majority expressed in its Division 1, that we lack jurisdiction to entertain this appeal, I reach this conclusion by an entirely different route and thus set forth my views as to the reasoning which should be applied. Also, because *Lawler v. Georgia Mut. Ins. Co.,* 156 Ga. App. 265 (276 SE2d 646), may be distinguished on the facts, I would hold that this appeal presents no opportunity for our reconsideration and the overruling of that decision, and I, therefore, must respectfully dissent.

1. As the majority explicitly acknowledged, there is no final judgment in the case sub judice within the meaning of OCGA § 5-6-34 (a) (1) (formerly Code Ann. § 6-701 (a) (1) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073; 1975, pp. 757, 758; 1979, pp. 619, 620)). In the case sub judice there is no application for appeal pursuant to OCGA § 5-6-35 (formerly Code Ann. § 6-701.1 (Ga. L. 1979, pp. 619, 620)), nor has a

timely appeal been taken from an order granting summary judgment on any issue (the trial court's order of July 15, 1982, purported to grant plaintiff's motion for partial summary judgment to plaintiff). See OCGA § 9-11-56 (h) (formerly Code Ann. § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759)) and OCGA § 5-6-34 (b) (Code Ann. § 6-701 (b)), supra.

We have held literally hundreds of times, that under these circumstances (i.e., where the action remains pending in the trial court and none of the exceptions to the requirement of finality are applicable) an appeal is premature and beyond our jurisdiction. See annotations to former Code Ann. § 6-701, supra, under the catchwords "Premature appeal."

At this place, it is appropriate to digress to address the peculiar facts of the case sub judice. Prior to the trial court's order, dated July 15, 1982, two motions submitted by plaintiff were pending.

On May 12, 1982, plaintiff had filed his "Motion to Dismiss Defendants' Answer and Grant Judgment to Plaintiff." Cited in support of this motion was former Code Ann. § 81A-155 (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238) (now OCGA § 9-11-55, effective November 1, 1982) dealing with default judgments. Although spartan in its simplicity this was apparently a motion for default judgment. On June 14, 1982, plaintiff filed his motion for partial summary judgment. It is in this context that on July 15, 1982, the trial court entered its order which denied defendants' motion to open default and which appeared to grant plaintiff's motion for partial summary judgment. On July 23, 1982, defendants filed their motion for reconsideration referring to the trial court's order of July 15, 1982, as the grant of plaintiff's "motion to dismiss the answers of the defendant[s] and grant judgment to the plaintiff."

On July 26, 1982, plaintiff filed his "Notice of Taking Post Judgment Deposition and to Produce Documents," to which defendants responded with a "Motion for Protective Order."

The trial court in its October 22, 1982, order denied defendants' motion for reconsideration and also denied defendants' motion for protective order. The syllabus of events stated in this order of the court contains a paragraph in regard to the July 15, 1982, order which may be reasonably interpreted as indicating (perhaps in the nature of a nunc pro tunc order) that the July 15, 1982, order was intended to be the grant of plaintiff's "motion as one to dismiss the answers of the defendants and grant judgment to the Plaintiff" rather than a grant of partial summary judgment. In any case, neither the July 15, 1982, order of the trial court, nor the October 22, 1982, order may be interpreted as an appealable judgment as neither is certain and definite as to its amount. See *Hutcheson v. Hutcheson,* 197 Ga. 603,

604 (30 SE2d 107).

2. The foregoing factual preface clearly shows that the case sub judice is not an appropriate context within which to reconsider our decision in *Lawler v. Georgia Mut. Ins. Co.,* 156 Ga. App. 265, supra. The *Lawler* case deals with an appeal from a denial of a motion for reconsideration in a case *where the judgment is final* and *the cause no longer pending in the trial court.* In contrast, the appeal in the case sub judice is *premature,* and we cannot reach the issues presented in *Lawler* without disregarding our lack of jurisdiction to consider the appeal in the case sub judice. I note that all of the decisions relied upon by the majority in Division 1 may likewise be distinguished. Compare the recent dismissal in *Atlantic-Canadian Corp. v. Hammer, Siler, George Assoc.,* 167 Ga. App. 257 (306 SE2d 22).

3. Additionally, I decline to join in the majority's Divisions 2 and 3. This court being without jurisdiction, it is not necessary that we address matters beyond our jurisdiction.

I am authorized to state that Presiding Judge Quillian joins in this concurrence in part and dissent in part.