## 77335. McKEEVER et al. v. STATE OF GEORGIA.
### (375 SE2d 899)

CARLEY, Judge.

The State initiated this action to condemn a truck which it had seized in connection with appellant Franklin McKeever's arrest for the sale of drugs. Although the certificate of title was in the name of appellant Johnny McKeever, it was the State's contention that appellant Franklin McKeever was the actual owner of the vehicle. The issue of the ownership of the seized truck was tried before a jury. In its verdict, the jury found appellant Franklin McKeever to be the owner of the vehicle. After the return of the jury's verdict but before the entry of any judgment thereon, appellants filed a "Motion For Judgment Notwithstanding the Verdict and Motion For New Trial." Following a hearing, the trial court denied appellants' motions. Within thirty days, appellants filed this appeal from the denial of their post-verdict, but pre-judgment motions for new trial or judgment n.o.v.

The record of this case contains no final judgment, and the clerk of the trial court has certified that no judgment has ever been entered on the jury's verdict by the trial court. " 'The verdict of a jury, whether resulting from direction or from deliberation, is not an "appealable judgment." [Cit.]. . . . The *verdict* itself is not a *judgment* or a *ruling*, and hence does not fall within the provision of [OCGA § 5-6-34 (a)] that "Appeals may be taken to the Supreme Court and [the] Court of Appeals from [. . .] *judgments* and *rulings* of the superior courts. . . ." ' [Cits.] . . . . ' "(B)efore an appeal may be made, the judgment appealed from *must be in writing, and not verbal.* [Cits.]". . . . [Cit.]' " (Emphasis in original.) *Littlejohn v. State*, 185 Ga. App. 31 (363 SE2d 327) (1987). See also *Teppenpaw v. Blalock*, 226 Ga. 619 (176 SE2d 711) (1970); *Amie v. Davis*, 130 Ga. App. 177 (202 SE2d 581) (1973). If no final judgment has *ever* been entered, it follows that the case remains pending in the trial court and that this court would have no jurisdiction to entertain this appeal. See *Littlejohn v. State*, supra.

The denial of appellants' motions for new trial or judgment n.o.v. does not constitute a basis for the exercise of appellate jurisdiction over this case. "A motion for judgment notwithstanding the verdict or for a new trial filed prior to entry of the judgment on the verdict is void." *Wall v. C & S Bank of Houston County*, 153 Ga. App. 29, 30 (2) (264 SE2d 523) (1980). The present appeal is to be distinguished from a case in which, subsequent to the filing of a void motion for new trial or judgment n.o.v., a judgment *was* actually entered on the jury's verdict by the trial court. Where there has been the subsequent entry of a judgment, the disposition of the void motion removes the last impediment to finality and the case will no longer be pending in the trial court. Thus, the effect of the subsequent entry of a judgment

on the jury's verdict is to render the otherwise void motion one which was only *prematurely* filed and this prematurity will not serve to deprive the appellate court of jurisdiction to review the merits of the appeal. See *Dodson v. Dodson,* 231 Ga. 789 (204 SE2d 109) (1974); *Harrison v. Harrison,* 229 Ga. 692 (1) (194 SE2d 87) (1972); *Joiner v. Perkerson,* 160 Ga. App. 343 (287 SE2d 327) (1981). There is a fundamental difference between such a case and that in which, not only is the motion for new trial or judgment n.o.v. otherwise void, but also *no* judgment has ever been entered. While prematurity goes only to the relative timeliness of the taking of an appeal in a case wherein a final judgment was actually entered, the entry vel non of a final judgment is determinative of the very existence of appellate jurisdiction. " 'There must be judgment and entry. . . .' [Cits.]" *Gillen v. Bostick,* 234 Ga. 308, 311 (1) (215 SE2d 676) (1975). In the present case, appellants' void motions for new trial or judgment n.o.v. were never rendered merely "premature" by virtue of the subsequent entry of judgment on the jury's verdict. Notwithstanding the denial of appellants' void motions, the case remains pending in the trial court due to the absence of a final judgment. Accordingly, there is no final judgment in this case to be affirmed or reversed. In the absence of *any* final judgment, appellants' appeal is "taken from the verdict . . . which was not an appealable judgment, [and] the mere mention in the notice of appeal of the ['Order of Denial of Defendants' Motion for Judgment Notwithstanding the Verdict and for New Trial'] 'does not constitute an appeal from a final judgment so as to satisfy the requirements of the Appellate Practice Act.' [Cits.]" *Davis v. Davis,* 224 Ga. 740, 741 (164 SE2d 816) (1968).

In *Wall v. C & S Bank of Houston County,* supra, this court did address the merits of a direct appeal in a case in which a void motion for judgment n.o.v. or for new trial had been denied, but no valid final judgment had ever been entered on the jury's verdict. However, no case cited in *Wall* supports the proposition that a Georgia appellate court would have jurisdiction to hear such a direct appeal. The cases cited in *Wall* merely hold that an appellate court has jurisdiction to hear a direct appeal in a case in which the final judgment was actually entered subsequent to the otherwise *prematurely* filed notice of appeal or motion for new trial. It is well-established that the appellate courts of this State have *no* jurisdiction to entertain a direct appeal if a final written judgment has not been entered by the trial court. See OCGA § 5-6-34. To the extent that *Wall* suggests that an appellate court would have jurisdiction to address the merits of a case in which *no* final judgment has ever been entered on the verdict, it is expressly overruled and is not authority for the existence of appellate jurisdiction over the present appeal.

The denial of appellants' void motions for new trial or judgment

n.o.v. left the case pending in the trial court and the jurisdictional requirement for a direct appeal has not been met. "After the entry of a final order in this case, appellant[s], if dissatisfied, may pursue whatever post-judgment remedies are available to [them]. In any event, the notice of appeal that appellant[s] previously filed is not sufficient to confer jurisdiction upon this court and, if such jurisdiction is ever to be conferred, it must be by virtue of a notice of appeal timely filed by appellant[s] *after* the entry of a final judgment in this case." (Emphasis in original.) *Littlejohn v. State*, supra at 32.

*Appeal dismissed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Sognier, Pope, Benham and Beasley, JJ., concur.*

DECIDED DECEMBER 2, 1988.

*Branan & Brogdon, Rowe Brogdon*, for appellants.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney*, for appellee.